In the Matter of the Claim of DOROTHY M. McCLELLAN, Respondent, against NEPTUNE STORAGE, INC., and UNITED STATES CASUALTY COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal by employer and insurance carrier from an award made by the State Industrial Board pursuant to the provisions of Workmen's Compensation Law for death benefits in favor of the widow and minor son of deceased employee, Robert McClellan. Deceased was employed as the operator of a truck assigned to long distance hauling by the employer, who was engaged in the moving and storage business. On long hauls it was necessary for decedent to stop over for a night's rest. For this purpose and for his meals he was given three dollars a day. He also received eighty-one

cents per hour overtime. On the morning of February 28, 1940, at about nine o'clock, decedent was assigned to haul a truck load of furniture weighing upwards of 6,000 pounds, from the establishment of his employer, in New York city, to Wellston, Ohio. While en route to his destination, he arrived at Millerstown, Pa., about eight P. M. of that same day and obtained a tourist cabin for the overnight stay. For the purpose of heating this cabin it was equipped with a gas burning appliance, which the owner lighted. The truck, together with its contents, was parked near the cabin. Decedent had his lunch and retired to his cabin at about eight-thirty P. M., requesting the cabin owner to awaken him in the morning if he had not already departed when the owner arose. At about seven-thirty next morning, the owner observed that the truck had not been moved and proceeded to the cabin to awaken decedent. After forcing open the locked window, the lifeless body of decedent was found. Death was due to asphyxiation. The State Industrial Board found that death was the result of accident arising out of and in the course of employment. The finding of the Industrial Board was proper in the circumstances. Decedent's employment was continuous from the time he left his employer's premises until the delivery of the contents of the truck at its destination in Wellston, Ohio. At all times he was responsible for the truck and its contents. He had no specific hours, but was required to reach his destination as expeditiously as possible. The rules of the Interstate Commerce Commission required that his day's work should not exceed ten hours. He was allowed three dollars a day for lodging and meals in order that he might accomplish his mission. Due to the nature of his employment he was at all times while making the journey engaged in the furtherance of his employer's business and was at all times responsible for the custody of his employer's property. In other words, there was a continuity of employment which did not cease by reason of the necessity for obtaining rest at night. The circumstances remove the case from the doctrine applicable to traveling salesmen who spend the night in hotel rooms and who may indulge in personal interests or pleasure. His employment required the traveling of a long distance, which required more than a single day, during all of which time he was promoting the welfare of his employer's business. The determination of the State Industrial Board is amply supported by the evidence and the award should be affirmed. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Crapser, Bliss, Schenck and Foster, JJ.