In the Matter of the Claim of STANLEY FALTER, Respondent, against AUTOMOTIVE WAREHOUSE SERVICE et al., Appellants, and UNIT EXCHANGE COMPANY et al., Respondents. STATE INDUSTRIAL BOARD, Respondent.— Appeal by a special employer and its carrier from an award made to a temporary employee and messenger who was injured while stepping off a curb onto the street level. Award affirmed, with costs to the State Industrial Board. All concur.

In the Matter of the Claim of EUGENE EDMONDS, Appellant, against D. KALFAIAN & SON, INC., et al., Respondents. STATE INDUSTRIAL BOARD, Respondent.— Appeal by claimant from a decision of the State Industrial Board disallowing his claim and closing the case. Claimant, an infant, was employed in a carpet-cleaning establishment and while operating a mangle machine to wring out some of his clothing which had become wet in the course of his employment, he caught his hand in the machine and received injuries as the result of which the left forearm had to be amputated. The claim was disallowed on the ground that claimant had been forbidden to operate this machine and that he was operating it for purposes foreign to the interests of his employer and had stepped out of his employment. The evidence is highly unsatisfactory as to just what instructions had been given to claimant and who gave them, and we fail to find that he had been specifically forbidden to operate this machine. Also, his duties required that he help others to put rugs through this same machine. It is apparent that the purpose for which he was operating it, at the time of the accident, was connected with his employment and in the interests of the employer. In view of the highly unsatisfactory condition of the evidence and the serious nature of the injuries, the decision should be reversed and the matter remitted to the Industrial Board for the taking of such further evidence as may be adduced and a reconsideration of all of the evidence. Decision reversed, with costs to the appellant against the insurance carrier, and the matter remitted to the Industrial Board. All concur. [See *post*, p. 934.]

In the Matter of the Claim of INEZ HORKITZ, Respondent, against AMERICAN SEITZ FILTER CORPORATION et al., Appellants. STATE INDUSTRIAL BOARD, Respondent. The employer and its insurance carrier have appealed from an award of the State Industrial Board in favor of the widow and minor child of a deceased employee. The employer was engaged in the manufacture and sale of filters and material and decedent was employed by it as a salesman. The Industrial Board found that on September 28, 1941, while decedent was engaged in his regular occupation, the car in which he was riding became involved in an accident as a result of which the decedent lost his life. The appellants contend that the State Industrial Board had no jurisdiction. The Board found that decedent was under the control of the New York office of the employer, that he made his reports to that office and that the New York office had complete charge of his activities. It also found that the injuries to decedent arose out of and in the course of his employment. The evidence sustains the findings. Award affirmed, with costs to the State Industrial Board. All concur. [See *post*, p. 935.]