Heffernan, J.
The employer was engaged in operating a secretarial school in New York City. It employed Eloise Buck as a field worker and admission counselor. In such capacity she was required to visit various schools and colleges throughout the United States for the purpose of giving formal talks to the students in an effort to enroll them in the school conducted by the employer. The school authorities made arrangements with the different educational institutions for such discourses. Expenses for transportation, lodging, food and incidental disbursements were paid by the employer. The employer also undertook to obtain hotel reservations in each locality where the employee’s duties required her to stay overnight.
On November 23, 1946, Miss Buck started on a three weeks’ trip on behalf of her employer under an itinerary which required her to visit several specified colleges in the southern States and to return to New York on December 15, 1946.
In the course of her travels she arrived at Atlanta, Georgia on the night of December 6, 1946. The employer had endeavored to obtain a hotel reservation for her in that city but was unsuccessful and directed Miss Buck to make her own arrangements for hotel accommodations. In accordance with this instruction she secured a reservation at the Hotel Winecoff and notified her employer accordingly.
In the early morning of December 7, 1946, a fire occurred in the hotel as a result of which Miss Buck lost her life. She left no dependents entitled to compensation and the Workmen’s Compensation Board made an award of $2,000 to various special funds pursuant to the provisions of subdivision 9 of sec *128 tion 15 and section 25-a of the Workmen’s Compensation Law together with an award of $200 for funeral expenses.
The appellants challenge these awards on the sole ground that the death of deceased did not result from an accident arising out of and in the course of her employment. The record presents only a question of law.
In support of their contention appellants assert that a traveling salesman or representative is not entitled to compensation for injuries sustained on the trip unless at the moment of the injury he is furthering the interest of his employer. They take the position that he is not so engaged while in a hotel or other temporary home for shelter, entertainment and relaxation. They cite a number of cases to sustain their argument. The principal authority upon which they rely is Matter of Davidson v. Pansy Waist Co. (240 N. Y. 584) decided more than a quarter of a century ago. That case is not decisive of the issue here. There the court denied an award solely on the ground that at the time of his injury claimant was engaged in a purely personal act. In the case before us it can never be known what the decedent was doing when she lost her life in a catastrophic fire. For all we know she may have been engaged in work relating to her employment. Then, too, we have the presumption that the claim comes within the provisions of the Workmen’s Compensation Law (Workmen’s Compensation Law, § 21).
In the instant case it is undisputed that the employer controlled decedent’s activities on a twenty-four-hour schedule and directed the choice of hotels on her itinerary. The origin of the fire was not attributable to any act of omission or commission on the part of decedent.
The trend of present day judicial decisions is to sustain an employee’s claim for compensation where his employment sends him upon a journey which exposes him to the risks and perils incident thereto. Under such circumstances lodging in a hotel is a contractual incident of the traveller’s employment and hence he is protected from fire or other hazards which are “ risks incidental to his itinerary ” (Matter of Lepow v. Lepow Knitting Mills, Inc., 288 N. Y. 377, 380; Matter of Giliotti v. Hoffman Catering Co., 246 N. Y. 279; Matter of McClellan v. Neptune Storage, Inc., 264 App. Div. 800).
In Sousa’s case (316 Mass. 332) the evidence disclosed that the employee lost his life in a fire while asleep in a rooming house in New Bedford away from his home at a place where his work required him to be, He was paid a salary and in addi *129 tion, when away from home, he was free to select his own lodging place and his employer paid his expenses for room, board and transportation. The question in the case was whether his injury and death arose out of and in the course of his employment. The Supreme Judicial Court answered the question in the affirmative and in its opinion, speaking through Mr. Justice Qua, said (pp. 334, 336): “ Staying at the lodging house in New Bedford involved a degree of risk from fire. The question is not whether that risk was greater than the similar risk at some other place where the employee might have stayed, or at his own home, if his employment had not called him away from home. The question is whether his employment brought him in contact with the risk that in fact caused his death. The correctness of this statement is illustrated by cases where compensation has been allowed for injuries sustained on the employer’s own premises or the approaches to those premises by reason of slipping upon stairs or floors or coming in contact with objects of a familiar kind which might equally well be encountered in other places. In such cases the inquiry has not been whether the danger was greater where the employee was injured than at his own home or at some other place where he might have been if he had not been where he was. The inquiry has been whether his employment exposed him to the risk, whatever it was, which actually caused the injury. * * * But it seems to us that the connection between the employment and the risk is substantially the same whether the employer or the employee selects the particular place, as long as lodging away from the employee’s home or regular place of' abode is provided by the employer as an incident of the work, and is required by the terms of the employment, and as long us the employee selects a place that fulfills the requirements of the employment and that is otherwise proper in the sense that it involves no unnecessary risk.”
Other courts of repute in sister States have adopted this view in relation to traveling employees, not only in the case of injury by fire, but in case of injury from other comparable calamity at the place of lodging (Harivel v. Hall-Thompson Co., 98 Conn. 753; Railway Express Agency v. Shuttleworth, 61 Ga. App. 644; Standard Oil Co. [Kentucky] v. Witt, 283 Ky. 327; Stansberry v. Monitor Stove Co., 150 Minn. 1; Texas Employers’ Ins. Assn. v. Harbuck, 73 S. W. 2d 113 [Tex. Civ. App.]; California Cas. Ind. Exch. v. Industrial Accident Comm., 5 Cal. 2d 185: Lasear Inc. v. Anderson, 99 Ind. App. 428; Foley v. *130 Home Rubber Co., 89 N. J. L. 474; Employers’ Liability Assur. Corp. v. Warren, 172 Tenn., 403; Texas Employers’ Ins. Assn, v. Cobb, 118 S. W. 2d 375 [Tex. Civ. App.]). '
The awards appealed from should be affirmed, with costs to the Workmen’s Compensation Board.
Foster, P. J., Brewster, Bergan and Coon, JJ., concur. Awards unanimously affirmed, with costs to the Workmen’s Compensation Board.