**PHOENIX INDEMNITY COMPANY,**
Plaintiff,

v.

**John A. WILLARD, as Deputy Commissioner, Bureau of Employees' Compensation, United States Department of Labor, and Valentine J. Peretti, Defendants.**

United States District Court
S. D. New York.
April 27, 1955.

**658**

Butler, Bennett & Fitzpatrick, New York City, Bernard H. Fitzpatrick, New York City, of counsel, for plaintiff.

Baker, Garber & Chazen, Hoboken, N. J., Bernard Chazen, Hoboken, N. J., of counsel, for defendant Valentine J. Peretti.

J. Edward Lumbard, U. S. Atty., New York City, Harold J. Raby, New York City, of counsel, for defendant John A. Willard.

WEINFELD, District Judge.

This is an action to restrain the enforcement of, and to vacate, a compensation order issued by the defendant Deputy Commissioner pursuant to the Defense Base Compensation Act, 42 U.S.C.A. §§ 1651–1654, which extends to employment at certain defense base areas the coverage of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq.

There are now before the Court for decision renewed cross-motions by the respective parties for summary judgment predicated on the Deputy Commissioner's order of July 14, 1954 which contains a "Modification of Findings of Fact" following this Court's remand of the original order on a prior motion for summary judgment.

The plaintiff as insurance carrier for the employer attacks the order on the ground that it was not established that the injury to the claimant arose out of and in the course of his employment, 33 U.S.C.A. § 902(2). The remaining findings are unchallenged. Thus the question to be determined falls within a narrow compass.

The claimant, Peretti, is a core driller whose work requires him to travel to distant places depending upon the job location. Up to December 10, 1951, he had worked for an employer other than the employer herein, and in connection with that activity resided temporarily at the YMCA in Hoboken, New Jersey, although his permanent home was in Norwalk, Connecticut.

About December 13, 1951 he applied for employment with the employer herein, Knappen, Tippets, Abbett, McCarthy Engineering Company, which was under contract to do construction work for the United States Government in North Africa. On December 15, 1951, after a pre-employment examination, a written contract of employment was signed engaging Peretti as Chief Inspector-Driller in Tripoli, Libya. Under this contract he was obligated to submit to "physical examinations, vaccinations and innoculations as may be required by the contractor" and other processing such as meeting passport and security requirements which of course were essential for the performance of his duties in the foreign area. He continued his temporary residence at the YMCA at Hoboken, so he testified, for his "convenience and the convenience of his employer" in connection with the processing procedure.

Though Peretti's active duties were to be performed in Tripoli, his pay commenced the day he signed the contract, December 15, 1951. The contract also provided that travel pay accrue while he was "en route" on direction of the employer from the point of hire to the site of work.

Around December 15, 1951 Peretti was being "processed" for his departure under the direction of Mr. Malloy, an employee of the company who set up his appointments and arranged for various other matters, including passport photographing and the like. On December 18, 1951, the date of the accident, the claimant in the company of Mr. Malloy went to the Passport Division of the Department of State in New York City to secure the necessary passport clearance and also reported for a second typhoid innoculation which was administered about 4:00 o'clock. His next and last appointment of the day took place at about 5:00 p. m. when he appeared at the War Department, 80 Church Street, New York City, for his identification card. He remained in New York City for dinner and thereafter arrived at the Port

Authority Building, New York City, at about 7:00 o'clock, and boarded a bus for Hoboken, arriving there at about 8:15 p. m. After leaving the bus he crossed the street and as he stepped on the sidewalk, due to sleet and rain, he slipped on a piece of ice and fell, sustaining a fracture of the fibula of the left leg. This is the injury which the Deputy Commissioner found compensable.

The plaintiff argues that the injury was not a work injury. Giving the compensation order the statutory presumption in its favor, Longshoremen's Act, 33 U.S.C.A. § 920(a),[1] this contention cannot, in my opinion, be upheld. From December 15, 1951 Peretti was standing by, subject to the employer's orders incident to his preparation for his trip to Tripoli. Though it is true that during this preparatory period he had no specific work assignment, his processing was nonetheless an integral and indispensable part of his employment. The innoculations and the other steps in preparing him for overseas duties were essential requirements of his job qualification.[2] Indeed, under the express terms of the contract he was required to keep himself available for such purposes.

The trip to New York City was not for his personal convenience but to comply with the requirements of his work. Peretti's stopping for dinner in New York City was not a deviation from the errand on which he was engaged.[3] Even if it were, his resumption of his return trip to Hoboken again brought him under the coverage of the compensation act.[4] The Defense Base Act, 42 U.S.C.A. § 1651, prescribes compensation for an injury during transportation to or from the place of employment when the employer, as here, provides the transportation at its cost. In a sense Peretti's waiting in preparation for his trip overseas was so clearly bound up with it as to be reasonably considered as part of his transportation, just as a stopover en route might be. In any event, it was sufficiently related to his employment and so incidental to the necessary preparation for his overseas assignment as to make the injury sustained, under all the circumstances here disclosed, one arising out of and in the course of his employment.[5]

Plaintiff's motion is accordingly denied and defendant's motions are granted.

Settle order on notice.

1. See also F. H. McGraw & Co. v. Lowe, 2 Cir., 145 F.2d 886.

2. Cf. Sanders v. Children's Aid Society, 238 App.Div. 746, 265 N.Y.S. 698, affirmed 262 N.Y. 655, 188 N.E. 107.

3. Casualty Reciprocal Exchange v. Johnson, 5 Cir., 148 F.2d 228; Lief v. A. Walzer & Son, 248 App.Div. 651, 287 N.Y.S. 991, affirmed 272 N.Y. 542, 4 N.E.2d 727; Edmonds v. D. Kalfaian & Son, 268 App.Div. 838, 50 N.Y.S.2d 241.

4. Beaudry v. Watkins, 191 Mich. 445, 158 N.W. 16, L.R.A.1916F, 576; Webb v. North Side Amusement Co., 298 Pa. 58, 147 A. 846; Schmiedeke v. Four Wheel Drive Auto Co., 192 Wis. 574, 213 N.W. 292.

5. Cf. Voehl v. Indemnity Ins. Co., 288 U.S. 162, 53 S.Ct. 380, 77 L.Ed. 676; Cardillo v. Liberty Mutual Ins. Co., 330 U.S. 469, 67 S.Ct. 801, 91 L.Ed. 1028; Hastorf-Nettles, Inc., v. Pillsbury, 9 Cir., 203 F.2d 641; Ward v. Cardillo, 77 U.S.App. D.C. 343, 135 F.2d 260, 262.