In the Matter of the Claim of WILLIAM DYVINIEK, Respondent, against BUFFALO COURIER EXPRESS COMPANY, INC., et al., Appellants.

WORKMEN'S COMPENSATION BOARD, Respondent.

Argued February 25, 1947; decided May 22, 1947.

*Morgan F. Bisselle* and *Warren C. Tucker* for appellants. I. Contraction of the disease of typhoid fever is not an accidental injury within the purview of the Workmen's Compensation Law. (*Matter of Connelly* v. *Hunt Furniture Co.,* 240 N. Y. 83; *Matter of Richardson* v. *Greenberg,* 188 App. Div. 248; *Matter of Donovan* v. *Alliance Electric Co.,* 195 App. Div. 678; *Matter of McDonald* v. *Belle Terre Lodge,* 268 N. Y. 663.) II. The award is based solely on conjecture, surmise and speculation. (*Matter of McDonald* v. *Belle Terre Lodge,* 268 N. Y. 663; *Matter of Hansen* v. *Turner Construction Co.,* 224 N. Y. 331.)

*Nathaniel L. Goldstein,* Attorney-General (*Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent. Claimant sustained an accidental injury arising out of and in the course of his employment which resulted in the disability for which the award was made. (*Matter of Connelly* v. *Hunt*

*Furniture Co.*, 240 N. Y. 83; *Matter of Gaites* v. *Society for Prevention of Cruelty to Children*, 251 App. Div. 761, 277 N. Y. 534; *Matter of Lepow* v. *Lepow Knitting Mills, Inc.*, 288 N. Y. 377; *Matter of Roos* v. *Loft, Inc.*, 247 App. Div. 842; *Matter of McInerney* v. *Buffalo & Susquehanna R. R. Corp.*, 225 N. Y. 130; *Matter of O'Neil* v. *Carley Heater Co.*, 218 N. Y. 414; *Fitzpatrick* v. *Postal Restaurant Co.*, 208 App. Div. 822; *Matter of Horrigan* v. *Post-Standard Co.*, 224 N. Y. 620; *Matter of Sanantonio* v. *Schussler*, 232 App. Div. 861; *Matter of Frescatore* v. *General Electric Co.*, 234 App. Div. 643; *Matter of Ingelfinger* v. *Jacob Dold Packing Co.*, 235 App. Div. 754; *Matter of Douglass* v. *Franklin Mfg. Co.*, 235 App. Div. 882.)

*Per Curiam.* There was no evidence to support the findings of the Workmen's Compensation Board that the claimant contracted typhoid fever or suffered any accidental injury from which typhoid fever naturally or unavoidably resulted in the course of his employment from food and drink consumed in the flood area to which he was assigned. The lack of any evidence connecting the disease with accidental injury in the course of employment may not be supplied by the statutory presumption (Workmen's Compensation Law, § 21; *Matter of Daus* v. *Gunderman & Sons, Inc.*, 283 N. Y. 459, 466; *Matter of Lorchitsky* v. *Gotham Folding Box Co.*, 230 N. Y. 8, 12).

The order of the Appellate Division and the award of the Workmen's Compensation Board should be reversed and the claim dismissed, with costs in this court and in the Appellate Division against the Workmen's Compensation Board.

CONWAY, J. (dissenting). On Sunday, July 19, 1942, the claimant was sent by his city editor to photograph flood conditions in the city of Olean, N. Y. Several feet of water were in the streets, and emergency measures had been adopted for the handling and preparation of all water for drinking purposes and the inoculation of thousands with antityphoid serum. Claimant remained in the city over Sunday night and on Monday until 5 o'clock in the afternoon. He then returned to Buffalo. There he resumed work and continued to work until July 28th when he became ill and developed typhoid fever.

The record discloses that one other person contracted typhoid fever in the flood area at or about the time that it was contracted by the claimant.

The Cattaraugus County Commissioner of Health testified that a serious flood condition existed in the vicinity of Olean on July 18th and that he established and maintained headquarters there by reason of the emergency from July 18th to the 20th. During the emergency period the city water supply was practically unavailable as the result of a large break in a main and the Commissioner gave notice to the public by press and radio that water was to be boiled or treated with chemicals before consumption. Under his supervision 13,000 of the inhabitants of Olean and the vicinity were inoculated against typhoid fever, and certain water supplies were treated and chlorinated so as to preclude a possible epidemic. He testified further that the incubation period of typhoid fever ran from nine to fourteen days with extremes from four to thirty days.

In response to hypothetical questions the doctor who treated claimant expressed the opinion that if claimant had drunk any contaminated milk he could contract typhoid fever if susceptible to it and that if he partook of such milk on July 18th or 19th he could say with reasonable certainty that claimant could have developed typhoid fever on the date claimed.

Turning now to section 21 of the Workmen's Compensation Law, we find that it provides in part: " In any proceeding for the enforcement of a claim for compensation under this chapter, it shall be presumed in the absence of substantial evidence to the contrary

" 1. That the claim comes within the provision of this chapter * * *."

There was no substantial evidence produced to rebut that presumption. On the contrary, the board found that the evidence which was produced was sufficient to sustain a direct finding by it that the claimant contracted typhoid fever in the regular course of his employment at the Red Cross Canteen. We quote the following two findings of the board:

" 3. On or about the 19th day of July, 1942, while the said William Dyviniek was working for his employer as a photographer at Olean, N. Y., to which he had been sent by his employer for the purpose of taking pictures of the flood district, and while engaged in the regular course of his employment, and while at the Red Cross Canteen where food, sandwiches,

drinking water and raw milk were served with no washing facilities, he contracted typhoid fever."

"9. The reasonable import of all attending circumstances disclosed in the proof in this case can be used as a basis for assuming a reasonable connection between a set of provocative conditions and a not inconsistent result, when no other more consistent or clearly defined basis is presented."

Section 20 of the Workmen's Compensation Law expressly provides: " * * * The decision of the board shall be final as to all questions of fact, and, except as provided in section twenty-three, as to all questions of law. * * * " The findings have been affirmed by the Appellate Division and while we have power to set aside a finding without any facts to support it we cannot set aside one which is based upon a conflicting state of facts. The facts already referred to constitute ample evidence that defendant was sent to work in a flood area where a substantial danger existed of contracting typhoid fever by reason of drinking contaminated water or milk, eating contaminated food, or using contaminated utensils. He testified that he had " some water and some milk and a couple of sandwiches " at the Red Cross Canteen. That was the only food or drink which he had at Olean; he had none enroute from Buffalo to Olean. The water and milk were served from open cans and pitchers. Sandwiches, already made up, were stacked on a table unwrapped. Claimant drank the water and milk out of glasses. The County Health Commissioner testified that as far as he knew the water brought to the canteen had been boiled or chemically treated. However, tap water was not turned off in the city, including the canteen, until Monday, July 20th. The Health Commissioner had directed that tap water be boiled before consumption. The reason for that was probably because, as he testified concerning the reason for the mass inoculation, " floods * * * are accompanied by disturbances at ground water levels, washing off hillsides presumably polluted by human excretions and because there had been a serious disruption of the water supply in Olean and also in Portville." Claimant did not see any washing facilities in the canteen for the people handling the food or for washing the glasses; he assumed the glasses were washed. If they were

washed it was possible for them to have been washed in the tap water before it was turned off on Monday.

It was also possible that all the milk served at the canteen was not pasteurized. The Health Commissioner testified that although all the milk used in Olean during the emergency did not come from Kent's Dairy, all the milk which came into the canteen was from that dairy, where his department inspected and supervised the pasteurization process. He based his conclusion on the fact that cans belonging to the Kent Dairy were in the canteen and from statements of personnel of the dairy. He stated that it was possible although not probable that the Kent cans contained milk from other dairies.

The medical testimony referred to above was to the effect that if claimant consumed contaminated food or drink when he was in Olean it was " perfectly possible " for him to have developed typhoid fever when he did.

In *Matter of Lorchitsky* v. *Gotham Folding Box Co* (230 N. Y. 8, 12) we said that the mere proof of an accident without other evidence does not create the statutory presumption that the accident arose out of and in the course of the employment, but that there " must be *some evidence from which the conclusion can be drawn* that the injuries did arise out of and in the course of the employment." (Emphasis supplied.)

While there is no *direct* evidence that claimant consumed contaminated food or drink in Olean, there was abundant indirect evidence from which that conclusion could reasonably be drawn by the board. There was certainly " some evidence " within the meaning of the *Lorchitsky* case. Claimant was sent into a flood area where there was special danger of typhoid infection as evidenced by the extraordinary precautions being taken by the medical authorities to prevent an epidemic. While on his employer's mission he partook of food and drink which might reasonably be found to have been contaminated, and he then developed the disease within the time which one so infected would have developed it. In the absence of " substantial evidence to the contrary " (Workmen's Compensation Law, § 21), that was sufficient to " create " or call into effect the statutory presumption that the disability arose out of and in the course of the employment.

Concerning the second question in this case, we are of opinion that an employee suffers an " accidental  *  *  * injury " within the meaning of the Workmen's Compensation Law (§ 48; § 2, subd. 7) when he is sent into a place of special danger and there contracts typhoid fever under the circumstances disclosed. Here the inroads of the germs were assignable to a determinate act identifiable in space and time. (*Matter of Connelly* v. *Hunt Furniture Co.*, 240 N. Y. 83, 85.) Thus we held in *Lepow* v. *Lepow Knitting Mills, Inc.* (288 N. Y. 377) that death benefits should be awarded under the Workmen's Compensation Law where decedent, a salesman on a business trip to South Africa, contracted malaria from a mosquito sting and died. In *Matter of Gailes* v. *Society for Prevention of Cruelty to Children* (251 App. Div. 761, affd. 277 N. Y. 534) we affirmed an award of compensation to a matron who contracted scarlet fever while taking care of children in a children's shelter which was under quarantine. In both cases claimant was required to work in a place of special danger and that fact was recognized by the court in both decisions. The chain of circumstances composed of acts of nature and of man which brought claimant to the point in time and place of danger where he ingested the germ was abnormal. It was " something catastrophic or extraordinary, a mishap or an accident (cf. *Lewis* v. *Ocean A. & G. Corp.*, [224 N. Y. 18] *supra,* at p. 21), though very likely a disease also. ' A common sense appraisement of every day forms of speech and modes of thought must tell us when to stop ' (*Bird* v. *St. Paul F. & M. Ins. Co.*, 224 N. Y. 47, 51)." (*Matter of Connelly* v. *Hunt Furniture Co.*, 240 N. Y. 83, 86.)

The order should be affirmed.

LOUGHRAN, Ch. J., LEWIS, THACHER, DYE and FULD, JJ., concur in *Per Curiam* opinion; CONWAY, J., dissents in opinion in which DESMOND, J., concurs.

Order reversed etc.