In the Matter of the Claim of BEULAH CARPENTER, Appellant, against SIBLEY, LINDSAY & CURR Co. et al., Respondents.

Argued January 17, 1951; decided March 9, 1951.

*Ellsworth Van Graafeiland* for appellant. Claimant sustained an accidental injury arising out of and in the course of her employment. (*Matter of Masse* v. *Robinson Co.,* 301 N. Y. 34.)

*Myer Braiman* for respondents. There is no evidence to support a finding that claimant suffered from an accident or series of accidents arising out of and in the course of her employment. (*Matter of Lerner* v. *Rump Bros.,* 241 N. Y. 153; *Matter of Jeffreyes* v. *Sager Co.,* 233 N. Y. 535; *Matter of Harman* v. *Republic Aviation Corp.,* 298 N. Y. 285; *Matter of Champion* v. *Gurley,* 299 N. Y. 406.)

LOUGHRAN, Ch. J. In this workmen's compensation case the first question is whether there is sufficient evidence to support the finding that the claimant's employment as a saleswoman in a book store was causally related to a detachment of the retina of her right eye — the injury for which an award was made by the Workmen's Compensation Board.

The evidence in question consists of testimony of the claimant's physician whose examination reads in part as follows: "Q. * * * Is it your opinion with reasonable medical certainty that the retinal detachment which you found on your examination * * * was caused in whole or in part directly or indirectly by work she did * * * as she testified to here in your presence here today? A. I will answer that yes. * * * Q. Is it your opinion, Doctor, that the requirements of her regular employment involving more or less lifting and

stooping as she has testified to in your presence today was an adequate cause of the retinal detachment considering that it occurred in a myopic eye known to be so prior to the detachment? A. Yes." This testimony (unless it was later repudiated by the witness himself) was enough to warrant the finding of causal relationship (see *Matter of Wood* v. *Joyce Co.*, 228 App. Div. 729; 135 A. L. R. 516; cf. *Matter of Altschuller* v. *Bressler*, 289 N. Y. 463; 7 Wigmore on Evidence [3d ed.], § 1976).

Upon his cross-examination, the claimant's physician was asked this question: "Doctor, as a matter of fact, isn't it a matter of conjecture as to what causes this detachment?" The witness replied: "The answer is 'yes'." Then on his redirect examination, the witness said: "My opinion is that the work should be considered as a possible predisposing cause to her detachment."

As respondents here, the employer and its carrier would have us dismiss the above testimony as being quite deficient in respect of medical certainty. But to the Workmen's Compensation Board and to the Appellate Division that testimony appeared to have a different quality. Thus three Justices of the Appellate Division said: "There is evidence that the physical efforts incident to the usual course of claimant's employment was a predisposing cause of the detachment of the retina of claimant's long-standing myopic right eye". (277 App. Div. 801.) The other two Justices of the Appellate Division were of the same opinion. They said: "Claimant was compelled to do heavier work for some time. There is medical testimony to the effect that this finally caused a detachment of the retina." (277 App. Div. 802.) In that state of the record, the assertion by the employer and carrier of a want of any proof of causal relation between the claimant's employment and the impairment of her eye is of no avail. For it was within the power of the Workmen's Compensation Board to decide whether in point of fact the testimony of the claimant's physician — notwithstanding some shortage of agreement within itself — nevertheless established a causal relationship between the claimant's routine occupation and the harm that happened to her. (Workmen's Compensation Law, § 20. See *Williams* v. *Dela-*

*ware, L. & W. R. R. Co.,* 155 N. Y. 158, 162–163; *Cannon* v. *Fargo,* 222 N. Y. 321, 325; *Loewinthan* v. *Le Vine,* 299 N. Y. 372, 377–378.)

The only other question in the case can be more shortly disposed of. The injury sustained by the claimant was found by the board to have been accidental in its essential character. This finding was reversed by a divided vote of the Appellate Division. But, as the board validly found, the claimant was subjected to unusual exertion in her work for a considerable period prior to the day of her misfortune. Hence the finding of accidental injury appears to our minds to have been legally right (see *Matter of Masse* v. *Robinson Co.,* 301 N. Y. 34).

The order of the Appellate Division should be reversed, and the award of the Workmen's Compensation Board reinstated, with costs to the claimant in this court and in the Appellate Division.

LEWIS, CONWAY, DESMOND, DYE, FULD and FROESSEL, JJ., concur.

Order reversed, etc.