In the Matter of the Claim of GLADYS GARDNER, Respondent, against NEW YORK MEDICAL COLLEGE et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. Claimant was a cadet nurse at the Flower Hospital, and while in the course of her duties in October, 1944, a fellow nurse sneezed into her face while both were riding in an elevator. Claimant testified that when this occurred she felt sputum on her cheek, which she brushed off with her hand. There was proof from which the board could find that at the time of this occurrence the nurse who sneezed was suffering from poliomyelitis. Claimant became ill within a short time thereafter with poliomyelitis, the effects of which have left her totally paralyzed in both arms and legs and suffering from other physical disabilities. Appellants argue that sneezing into claimant's face could not be found to be an "accident" because people normally sneeze. It seems to us, however, that as to persons nearby who receive the effect of such a sneeze it fits within the classic definition of an "accident" which causes a disease stated by POUND, J., in *Matter of Lerner* v. *Rump Bros.* (241 N. Y. 153, 155). Inception of the disease can be a determinable event assignable to something extraordinary. The adjective "catastrophic" used in an alternative sense in that definition does not imply that an accident which brings on a disease need also be a disaster. This is demonstrated by the kinds of events which have been treated judicially as accidents inducing heart disease of which *Matter of Masse* v. *Robinson Co.* (301 N. Y. 34) is a recent and pertinent example. We think the board was authorized to find this occurrence to be an accident within a well-established decisional pattern, of which *Matter of Connelly* v. *Hunt Furniture Co.* (240 N. Y. 83); *Lewis* v. *Ocean Accident & Guar. Corp.* (224 N. Y. 18); *Matter of O'Dell* v. *Adirondack Elec. Power Co.* (223 N. Y. 686), and *Matter of Carpenter* v. *Sibley, Lindsay & Curr Co.* (302 N. Y. 304) are all examples. There was medical opinion to the effect that poliomyelitis could be spread through propagation of fluid from the mouth or throat, and there is opinion evidence that this is the way in which claimant contracted the disease. The evidence is substantial by the tests applicable in New York. Decision and award affirmed, with costs to the Workmen's Compensation Board. Heffernan, Brewster and Bergan, JJ., concur; Foster, P. J., dissents, in the following memorandum, in which Coon, J., concurs: I dissent and vote to dismiss the claim. It seems to me that sneezing is of such a common occurrence that it cannot be called accidental. The fact that some sneezers carry malignant germs is a danger common to every situation where people gather together.