■ In the Matter of the Claim of EDITH C. OLMSTEAD, Respondent, against PERLAND REALTY CORPORATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— This is an appeal by the employer and carrier from a decision of the Workmen's Compensation Board in a death case. The decedent and a fellow employee, in the regular course of their employment, dismantled pipes from a stove in order to clean out soot from the chimney. The decedent stood on a stepladder, inserted a small shovel into the chimney, filled pails with soot and passed them down to his fellow employee, to be emptied into ash cans. Each of the ash cans, when filled with soot, weighed approximately fifty pounds. The decedent and his assistant then hoisted the ash cans from the floor to a landing with a block and tackle. Following completion of the job, the decedent went to a store to buy milk and, upon his return, he and his fellow employee drank some. Shortly thereafter, the decedent was found sitting on a step, unable to speak. He was dead upon the arrival of a hospital ambulance. His death was attributed to coronary sclerosis and general arteriosclerosis. The only question raised upon this appeal is whether there was adequate medical proof of a causal connection between the decedent's exertion and the fatal heart attack. It is unquestioned that the decedent had heart disease of long standing. While the testimony of the claimant's physician upon the hearing was simply to the effect that the decedent's activity on the morning of the fatal attack "could have been responsible" for his death, his written report, which was admitted into evidence, stated unequivocally that "the physical activity in which he engaged shortly before his death was a contributory factor in his death". The medical proof was sufficient to support the award (*Matter of Carpenter* v. *Sibley, Lindsay & Curr Co.*, 302 N. Y. 304). Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ.