In the Matter of the Claim of MARGOT McDONOUGH, Respondent, v. WHITNEY POINT CENTRAL SCHOOL et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, December 29, 1961.

*Levene, Gouldin & Thompson (Carlton F. Thompson* of counsel), for appellants.

*Frederick J. Meagher* for claimant-respondent.

*Louis J. Lefkowitz, Attorney-General (Daniel Polansky* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

HERLIHY, J. This is an appeal by the employer and carrier from a decision and award of the Workmen's Compensation Board which determined that the contraction of mumps by a first-grade school teacher during an epidemic constituted an accident and that the resulting disability due to encephalitis was compensable.

In December, 1958, the claimant was engaged in teaching the first grade in the employer's school. She testified there were 32 pupils and because of their ages which averaged six years and their inability to help themselves, she came in close personal contact with the children due to helping them with their lunches, aiding in taking off and putting on Winter garments, sitting near the children, both individually and in groups, and many other similar personal attentions required by children of such tender years. During the month of December an epidemic of mumps developed in the school and out of her class there were from 8 to 10 absent because of the disease and there were

" lots of mumps " in the school. About January 1 the claimant contracted the disease and was advised by her doctor to remain in bed. About two weeks subsequent it developed that she was suffering from encephalitis affecting her brain and which resulted from the mumps and caused her disablement for a period of nine months.

Her attending physician testified that the claimant " picked it (mumps) up from one of her pupils " while in school and the doctor thereafter gave his various reasons for his opinion, stating in part that the nature of the disease was such that intimate contact with the pupils was the most likely cause.

The board determined claimant sustained a compensable accident and stated, " Claimant's daily and close contact with her pupils subjected her to an unusual degree of exposure to infection and was a special hazard accidental in character. The mumps were the result of the added risk."

The appellants contend that the board's finding of accident was not supported by substantial evidence. The facts here are novel and without precedent. Decisions holding that a disease may be an accident have been cited, to wit: where a student nurse contracted poliomyelitis (*Matter of Gardner* v. *New York Medical Coll.*, 280 App. Div. 844, affd. 305 N. Y. 583) and where a matron in an institution contracted scarlet fever from children in the institution (*Matter of Gaites* v. *Society for Prevention of Cruelty to Children*, 251 App. Div. 761, affd. 277 N. Y. 534) but there are also cases which hold that diseases do not constitute an accidental injury. (*Matter of McDonald* v. *Belle Terre Lodge*, 268 N. Y. 663; *Matter of Dyviniek* v. *Buffalo Courier Express Co.*, 296 N. Y. 361.) While these cases are analogous in some aspects, they are not precedents for the findings in this case.

When a disease constitutes an accident was defined in *Matter of Lerner* v. *Rump Bros.* (241 N. Y. 153, 155) where the court said: " A distinction exists between accidental injury and disease, but disease may be an accidental injury. The exception arises out of abnormal conditions which must be established to sustain an award. Two concurrent limitations have been placed on the right to recover an award when a disease, not the natural and unavoidable result of the employment, is developed during the course of the employment, although it does not follow that compensation should be awarded in all cases coming literally within these limitations. *First,* the inception of the disease must be assignable to a determinate or single act, identified in space or time. (*Matter of Jeffreyes* v. *Sager Co.*, 198 App. Div. 446, affd. 233 N. Y. 535.) *Secondly,* it must also be assignable to

something catastrophic or extraordinary. (*Matter of Connelly v. Hunt Furniture Co.*, 240 N. Y. 83.) "

We are satisfied that the present facts fit precisely within this definition. Here we have an abnormal condition — an epidemic — of sufficient gravity to constitute the disease an accidental injury. The claimant was exposed to an unusual amount of germs during a specified time while teaching, and the medical testimony assigned the result to her close contact with pupils in her classroom, 8 or 10 of whom contracted the disease. Because of the large proportion of the pupils in the school suffering from mumps, it was classified as an epidemic and therefore catastrophic or extraordinary.

The employer and carrier offered no evidence in contradiction or rebuttal of the claimant's testimony and the claimant is therefore entitled to the presumption under section 21 of the Workmen's Compensation Law.

Decision and award should be affirmed, with costs to the Workmen's Compensation Board.

BERGAN, P. J., COON, REYNOLDS and TAYLOR, JJ., concur.

Decision and award affirmed, with costs to the Workmen's Compensation Board.