■ In the Matter of the Claim of ANTHONY GUANIERI, Respondent, v MOVIELABS, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Levine, J. Appeal from a decision of the Workers' Compensation Board, filed February 12, 1986.

The employer and its insurance carrier appeal from a decision of the Workers' Compensation Board that claimant suffered a 33⅓% schedule loss of use of his leg due to an industrial accident which occurred December 30, 1981. It is uncontested that on that date claimant slipped and fell at his work site and suffered a torn medial meniscus of his left knee. Thereafter, he went through several remedial surgical procedures and was left with residual disability. Claimant also had a history of an earlier tear to the left medial meniscus as a result of a nonwork-related athletic injury for which surgery was performed in 1980. The carrier's examining physician attributed claimant's current disability partially to both injuries. The Board's medical examiner determined that claimant sustained a schedule loss of use of his knee of 33⅓% due to the compensable injury and expressed the same opinion in her testimony at the hearing. The Board ultimately made findings and an award to that effect.

The grounds for the instant appeal focus upon the further testimony of the Board physician, which revealed that she had been unaware of claimant's history of the prior injury to the same knee. Upon being questioned as to what effect the prior injury would have upon her opinion of schedule loss, the Board doctor stated that the prior injury probably was a "mild defect"; that in consideration thereof, it was her opinion that claimant's total schedule loss was 40% and that the schedule loss for the subsequent, compensable accident remained at 33⅓%.

The position of the employer and carrier essentially is that, since the Board physician's initial opinion of a 33⅓% sched-

ule loss was made without reference to claimant's preexisting injury, the Board, by adopting that percentage loss, improperly failed to consider the earlier injury in determining the degree of schedule loss. Therefore, they urge, a remittal to the Board is required for further consideration of the medical evidence and a proper apportionment. We disagree. The Board's decision explicitly refers to claimant's prior injury and expressly adopts its medical expert's testimony that, based upon the existence of the earlier injury, claimant's total schedule loss of use was 40% and causally related schedule loss was 33⅓%. Thus, it cannot be said that the Board ignored the effect of claimant's preexisting injury. The objection of the employer and carrier really comes down to a criticism of the apparent inconsistency between the Board's doctor's initial testimony finding a 33⅓% schedule loss, without reference to the earlier injury, and the same percentage loss after consideration of that injury. The Board, however, in determining apportionment issues, was free to reject the initial testimony of its physician and credit the later testimony, and was also otherwise free to resolve internal inconsistencies in such medical testimony *(see, Matter of Currie v Town of Davenport,* 37 NY2d 472, 477; *Matter of Carpenter v Sibley, Lindsay & Curr Co.,* 302 NY 304, 306; *Matter of Saba v Adam's Refrigerated Trucking,* 61 AD2d 858, 859).

Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Kane, Main, Casey and Levine, JJ., concur.