In the Matter of the Claim of HARRY H. LIEF, Respondent, against A. WALZER & SON and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— This is an appeal by the employer and the insurance carrier from an award in favor of the claimant. The sole point involved is the contention of the appellants that claimant's injury was due to an act which was entirely personal to himself and did not arise out of and in the course of the employemnt. The claimant was a salesman, and had taken a train from Dallas, Tex., to Kansas City, which was the next stop in the course of his employment. He entered a train fifty minutes before leaving time, and decided to shave. As he shaved, washed and combed his hair he had the habit of brushing up his eyebrows, and as he did so the train jolted, and the bristles of his brush entered his eye, causing the injury in question. While claimant was performing a personal act, the injury was caused not by such act but by the jolt of the train, which was a risk growing out of his employment. Such risk is not ordinarily present in a hotel or home. The claimant was actually traveling on the business of his employer at the time of the accident. The risk was one incidental and peculiar to that mode of travel and the circumstances in which he was then serving his master. Award affirmed, with costs to the State Industrial Board. Rhodes, McNamee and Bliss, JJ., concur; Hill, P. J., and Crapser, J., dissent on the ground that claimant's injury was due to an act which was entirely personal to himself and did not arise out of and in the course of the employment, on the authority of *Matter of Pisko* v. *Mintz* (262 N. Y. 176, 179); *Matter of Davidson* v. *Pansy Waist Co.* (240 id. 584).

In the Matter of the Claim of EMIL OTTERBEIN, Respondent, against BABOR & COMEAU Co. and GLENS FALLS INDEMNITY COMPANY, Appellants; MASSACHUSETTS BONDING COMPANY Respondent. STATE INDUSTRIAL BOARD, Respondent.— This is an appeal by the employer, and by the Glens Falls Indemnity Company, from an award by the State Industrial Board. The carrier contends that another insurance company, the Massachusetts Bonding Company, should be ordered to be jointly liable to pay said award. This is the only contention before the court. The employer had returned the policy of insurance of the Massachusetts Bonding Company before the accident occurred. It was not a cancellation. Subdivision 5 of section 54 of the Workmen's Compensation Law did not apply to the policy of the Massachusetts Bonding Company returned by the assured. Award affirmed, with costs to the State Industrial Board. Hill, P. J., McNamee, Crapser and Bliss, JJ., concur; Rhodes, J., dissents.

In the Matter of the Claim of GEORGE YEAGER, Respondent, against REMINGTON RAND, INC., Appellant. STATE INDUSTRIAL BOARD, Respondent.— Claimant, in carrying a heavy table, sustained a hernia. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.