In the Matter of the Claim of LILLIAN LEPOW, Appellant, against LEPOW KNITTING MILLS, INC., et al., Respondents.

STATE INDUSTRIAL BOARD, Appellant.

Argued May 26, 1942; decided July 29, 1942.

*John J. Bennett, Jr.*, Attorney-General (*Roy Wiedersum, Joseph A. McLaughlin* and *Henry Epstein* of counsel), for State Industrial Board, appellant. The accidental injury arose out of and in the course of the employment. (*Matter of Connelly* v. *Hunt Furniture Co.*, 240 N. Y. 83; *Matter of Giliotti* v. *Hoffman Catering Co.*, 246 N. Y. 279; *Matter of Katz* v. *Kadans & Co.*, 232 N. Y. 420; *Matter of Hughes* v. *Trustees of St. Patrick's Cathedral*, 245 N. Y. 201; *Matter of Heidemann* v. *American District Telegraph Co.*, 230 N. Y. 305; *Matter of Leonbruno* v. *Champlain Silk Mills*, 229 N. Y. 470; *Matter of Marks* v. *Gray*, 251 N. Y. 90; *Matter of Schwimmer* v. *Kammerman & Kaminsky*, 262 N. Y. 104; *Corrina* v. *De Barbieri*, 247 N. Y. 357; *Matter of Crippen* v. *Press Co.*, 254 N. Y. 535; *Matter of Tannenbaum* v. *Perfect Tailoring Co.*, 243 N. Y. 577; *Matter of Bollard* v. *Engel*, 278 N. Y. 463; *Matter of Lief* v. *Walzer & Son*, 248 App. Div. 651; 272 N. Y. 542; *Matter of McInerney* v. *B. & S. R. R. Corp.*, 225 N. Y. 130.)

*Frank L. Ward* for respondents. The accident did not arise out of and in course of the employment. (*Matter of Heitz* v. *Ruppert*, 218 N. Y. 148; *Matter of Davidson* v. *Pansy Waist Co.*, 240 N. Y. 584; *Kass* v. *Hirschberg, Schutz & Co.*, 191 App. Div. 300; *Matter of Daus* v. *Gunderman & Sons, Inc.*, 283 N. Y. 459; *Matter of Kowalek* v. *N. Y. Consolidated R. R. Co.*, 229 N. Y. 489; *Matter of McCarter* v. *LaRock*, 240 N. Y. 282.)

LEWIS, J. The claim filed by the appellant, the widow of David Lepow, for death benefits under the Workmen's Compensation Law (Cons. Laws, ch. 67), has been denied upon the sole ground that the accidental injury which caused the decedent's death did not arise out of and in the course of his employment. (Id. § 2, subd. 7; § 10.)

The decedent was employed as a salesman by Lepow Knitting Mills, Inc., — a wholesale dealer and importer of ladies' frocks and " ready-to-wear " garments. Over a period of years prior to 1938 the employer had built up a considerable trade in South Africa. To retain that market for his employer's merchandise the decedent, since 1934, had been sent on one or two trips each year to the several provinces in South Africa. On the last of these trips the decedent left New York on October 12, 1938, and arrived in

Cape Town on November 4, 1938, prepared to call upon his employer's customers, ninety in number, whose places of business were located in communities widely separated. The decedent's mission, which was given over solely to business, led him through the provinces of Cape of Good Hope, Transvaal, Bechuanaland, Orange Free State and Southern Rhodesia. It met with a measure of success shown by the undisputed evidence that up to the time he was stricken the decedent had sent back by mail to his employer numerous orders from customers in those remote places. Then came the fatal illness which befell him on December 15, 1938 at Harrismith in Orange Free State, and from which he died on December 28, 1938 at Port Elizabeth in the Province of Cape of Good Hope. Concededly the cause of his death was malignant tertian malaria, a disease which is prevalent in the tropical regions of South Africa and which is caused by the sting of a mosquito of a specie found in those regions. The employer concedes that the mosquito sting which proved fatal to the decedent was an accidental injury. The single question is — did the fatal accident arise out of and in the course of the decedent's employment?

The State Industrial Board answered that question in the affirmative and granted the claim for death benefits filed by the decedent's widow. The Appellate Division, by a divided vote, reversed the ruling by the Industrial Board and has dismissed the claim upon the ground that there was a failure of proof that the accidental injury — the mosquito sting — occurred while the decedent was actually at work. (263 App. Div. 211.) The ruling is in line with respondents' argument that, inasmuch as we do not know whether the fatal sting suffered by the decedent occurred at night while he was asleep or in business hours while he was actually engaged in calling upon his employer's customers, we cannot say that the accidental injuries arose out of and in the course of his employment.

In *Matter of Marks* v. *Gray* (251 N. Y. 90), where this court considered the question " * * * whether the risks of travel are also risks of the employment," it was said, per Chief Judge CARDOZO (p. 93), " * * * the decisive test must be whether it is the employment or something else that has sent the traveler forth upon the journey or brought exposure to its perils."

We apply that test to the present record. Here the decedent's death did not result from encountering a risk commonly to be met by members of the public in the routine of daily life. (Cf. *Matter of Madura* v. *City of New York,* 238 N. Y. 214, 216, 217; *Matter of Hughes* v. *St. Patrick's Cathedral,* 245 N. Y. 201, 202, 203.) The journey upon which the decedent was sent was planned solely to promote the sale of his employer's merchandise in a remote foreign market. That market had been developed by studied and persistent efforts by the employer, which required of the decedent in 1938, as in prior years, that he go to regions in South Africa where he was exposed to the peril of a disease which is peculiar to those regions and which ultimately caused his death. In pursuit of that business mission to the remote provinces already mentioned the risk to the decedent of being stung by an insect which caused the onset of the fatal disease was present day and night — a risk to which he would not have been exposed apart from his employment.

As to " street risks," this court has said (per POUND, J.) that " If the work itself involves exposure to perils of the street, strange, unanticipated and infrequent though they may be, the employee passes along the streets when on his master's occasions under the protection of the statute." (*Matter of Katz* v. *Kadans & Co.,* 232 N. Y. 420, 421.)

We hold in the present case that the decedent was sent to South Africa upon a mission arranged by his employer solely to promote its business interests, and that the risks incidental to his itinerary through regions infested by a death-bearing insect were special in character. Those risks related to his employment and were not his own. (Cf. *Matter of Lief* v. *Walzer & Son,* 248 App. Div. 651; affd., 272 N. Y. 542.)

The order of the Appellate Division should be reversed and the award of the State Industrial Board affirmed, with costs in this court and in the Appellate Division.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, CONWAY and DESMOND, JJ., concur.

Order reversed, etc.