In the Matter of the Claim of WILLIAM DYVINICK, Respondent, against BUFFALO COURIER EXPRESS COMPANY, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and carrier from a decision and award by the referee granting compensation to claimant and from a decision and award by the Workmen's Compensation Board which modified the award of the referee, and from a decision of the Workmen's Compensation Board amending its memorandum of previous decision. The claimant was employed by a newspaper as a photographer. He was sent to the vicinity of Olean to take pictures of a disastrous flood. He was there about two days taking pictures. Some of the streets were covered by water, some of the water mains were broken and water could not be obtained from taps. About a week after his return he was found to have typhoid fever. The incubation period for that disease is from four days to forty days. Many precautions were taken by the health authorities to prevent typhoid fever. Water was boiled or chlorinated. A Red Cross canteen was set up at which water, milk and sandwiches were served. The water and milk arrived in open cans, sandwiches, which were not wrapped, were stacked on tables. Claimant obtained his food and drink at the canteen. He says, however, that he drank raw milk. A great many inoculations were given to prevent typhoid. No other cases of typhoid fever were reported except in the case of one Oley Hess, who visited the area during the time of the flood. The evidence about his contracting typhoid is mostly hearsay. From the record it is uncertain whether all the water was boiled. The medical testimony is to the effect that if the claimant drank any milk or water which was contaminated and received the contamination "it is perfectly possible to have developed the disease" of typhoid. The board found that the reasonable import of all attending circumstances disclosed in the proof can be used as a basis for assuming a reasonable connection between a set of provocative conditions and a not inconsistent result, where no other more consistent or clearly defined basis is presented. The board further found: "We therefore find claimant was exposed to an especial hazard and did sustain an accident arising out of and in the course of employment by contraction of the disease, typhoid fever resulting from the drinking of water and milk and the eating of food in a contaminated flood area, where a break in the city water mains had occurred, requiring the establishment of emergency measures in handling and preparation of all water for drinking purposes, and inoculation of

thousands with anti-typhoid serum and find on sufficient medical evidence that his disabling condition was a natural result of the said exposure and accident." There is evidence in connection with the surrounding circumstances sufficient to justify the decision and award. (*Matter of Lepow* v. *Lepow Knitting Mills, Inc.*, 288 N. Y. 377.) Decision and award affirmed, with costs to the Workmen's Compensation Board. Hill, P. J., Heffernan, Brewster and Lawrence, JJ., concur; Foster, J., dissents and votes to dismiss the claim. The typhoid was not proved to be the result of accidental injury (*Matter of McDonald* v. *Belle Terre Lodge*, 268 N. Y. 663).