Chief Judge Desmond
(concurring). While I vote to affirm in these cases, I am filing a separate statement, not because I disagree with anything in Judge Bergan’s able opinion but because I think that decision can and should be on simpler and more basic grounds. Respondent Rutledge, hired to work with the circus at the several places including New York State locations where it was scheduled to appear, and respondent Rhodes, hired to drive a truck regularly in New York State as well as outside the State, were necessarily in the course of their employments at any place, in or out of the State, where the planned and arranged (not casual or temporary or emergency) itineraries took them. Such was the basic assumption of the early and famous Matter of Marks v. Gray (251 N. Y. 90 [1929]) and of many later decisions where regularly traveling employees injured outside the State were awarded workmen’s compensation (e.g., Matter of Lepow v. Lepow Knitting Mills, 288 N. Y. 377; Matter of Scott v. U. S. O. Camp Shows, 298 N. Y. 896; Matter of Lewis v. Knappen Tippetts Abbett Eng. Co., 304 N. Y. 461). There was a litigable issue as to each of those claims because the employee was not actually working at his job when injured outside the State- — nevertheless each made out his claim by connecting to his employment the nonwork activities in which he was engaged while injured. But in cases like the present ones where the ‘ ‘ traveling employee ’ ’ is hired to work in this State as well as in other States and is injured while actually at work in this State, how can there be any doubt at all as to coverage? No cited decision suggests any such doubt.
On these appeals we are not called upon to make or revise a common-law rule. We are construing the New York Workmen’s Compensation Law, every part of which, including the presumption section (§ 21), has a fundamental premise that, absent exceptional facts, a worker injured at the work he was hired to do, in New York State where he was hired to do it, is covered by the act. His employment when injured was “ located ” here, not by theory but in fact and as contracted for.