In the Matter of the Claim of JANE TASSILLO, Respondent, *v.* GILBERT CARRIER CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, April 29, 1968.

*Bernard F. Farley* and *F. T. Esposito* for appellants.

*Louis J. Lefkowitz, Attorney-General* (*Henriette Freider* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

*Davis, Hardy & Scheneck* (*Bernard M. Althoff* and *John W. Burke* of counsel), for claimant-respondent.

STALEY, JR., J. Appeal is taken from a decision of the Workmen's Compensation Board filed December 12, 1966. An award of death benefits has been made to the widow and six minor children of the deceased employee on a decision of the Workmen's Compensation Board that the decedent sustained an industrial accident in the course of his employment resulting in his death. Decedent was employed as a long-distance truck driver, and he and a fellow employee, Joe Elliot, driving as a team of two, left New York City on October 16, 1963, and drove one of their employer's tractor trailers to San Francisco arriving on October 20, 1963. After a 24-hour layover, they commenced their return trip on October 21, 1963.

While driving through Arizona on October 22, 1963 the decedent suffered a coronary thrombosis. He was taken by a highway patrolman to Williams Hospital at Williams, Arizona, arriving at the hospital at 1:30 P.M. and he died at 2:10 P.M. He was apparently in good health when he left New York City and, when he talked to his wife on the telephone after commencing his return trip, he told her he felt " great ".

The sole issue on this appeal is whether or not the record contains substantial evidence to support the board's finding that the decedent had been subjected to strenuous exertion in the course of his employment which caused his death. Included in the evidence are the Williams Hospital record and the personal report of the examining physician, Dr. Flohr. It is stated in the hospital record under the heading of history of present illnesses that the " patient says he had a flat tire on his truck and, since that time he has had pain in his chest. Burning pain and feels as if he had a tight band around his chest. Pain radiates into both arms and left side of neck."

Dr. Flohr in his report dated November 6, 1964 stated that: " obtaining a history was very difficult. However, the Patient

did state that he had a flat tire on the truck the night previously. Since that time he had had a burning pain in the chest, a sensation of a tight band around the chest. This pain radiated into both arms and the left side of the neck. It is difficult to state definitely that there is a definite relationship between the changing of a tire and this pain. The history as given me was that there had never been any previous pain and that the pain started immediately following the changing of the tire. Thus, there is an apparent relationship between the coronary thrombosis and the changing of the tire."

The appellants contend that there was no tire change in which decedent was involved and that, although there was a record of a tire change on October 17, 1963, the work was performed by someone other than the drivers and a receipted bill for the payment of that service was presented by the appellants.

At the first hearing before the Referee on October 18, 1965, he directed the carrier to produce Elliot, the co-driver, at the next hearing. However, by the time the next hearing was held, Elliot had left the employ of the trucking company and could not be located. In addition, the daily log book of decedent's last trip was unavailable because it had been destroyed according to the corporation's policy of keeping log books for only a year.

The hospital record received in evidence has an entry made in the regular course of the business of the hospital, containing information necessary to the diagnosis and treatment of the decedent's condition and containing information given by the decedent himself, and was competent, probative evidence of the occurrence stated therein. (CPLR 4518, subd. [a]; *Williams* v. *Alexander*, 309 N. Y. 283; *Meiselman* v. *Crown Hgts. Hosp.*, 285 N. Y. 389.)

In addition the report of Dr. Flohr did, of course, in the absence of substantial evidence to the contrary, constitute prima facie evidence of fact as to the matter contained therein. (Workmen's Compensation Law, § 21, subd. 5; *Matter of Olmstead* v. *Perland Realty Corp.*, 1 A D 2d 709.)

The appellants further contend that the statements made by the decedent as recorded in the hospital record were hearsay within the meaning of section 118 of the Workmen's Compensation Law, and required corroboration "by circumstances or other evidence."

As hereinbefore indicated, the evidence of exertion appearing in the history in the hospital record and the doctor's report did not, of course, require the corroboration contemplated by section 118. However, the evidence in the record indicates that

decedent was 38 years of age at the time of his death; that he was in good health when he commenced the trip; that there was a flat tire on October 17, 1963; that it took two men to lift one of the tires on the truck; and that he had a pre-employment physical examination 19 months before his death. These matters, when considered together would, however, meet the requirements of the statute. (*Matter of Keller* v. *Montgomery Ward & Co.,* 2 A D 2d 402; *Matter of O'Brien* v. *Long Is. State Parkway Comm.,* 13 A D 2d 855, mot. for lv. to app. den. 10 N Y 2d 705; *Matter of Raskind* v. *Speed Print. Co.,* 15 A D 2d 975; *Matter of Himovitch* v. *Chiaet Ornamental Iron Works,* 24 A D 2d 799, mot. for lv. to app. den. 17 N Y 2d 418.)

The decision should be affirmed, with costs to Workmen's Compensation Board.

GIBSON, P. J., REYNOLDS, AULISI and GABRIELLI, JJ., concur.

Decision affirmed, with costs to the Workmen's Compensation Board.