■ In the Matter of the Claim of MARVIN ELLIS, Respondent, v. ARMOUR AND COMPANY, J. C. BLEYL DIVISION, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— REYNOLDS, J. Appeal by the self-insured employer from a decision of the Workmen's Compensation Board on the ground that there is no substantial evidence to support the board's finding that claimant sustained an industrial accident arising out of and in the course of his employment. Claimant is totally disabled from what has been diagnosed as septic arthritis of the right hip. The board has found that this condition is causally related to an incident on July 2, 1962 wherein claimant, while working, stepped down from a platform on which he had been standing, turned to his right, and experienced a pain on the right side of his back. Appellant urges that, as a matter of law, there was no industrial accident because "there was no element of suddenness, nothing catastrophic, nor any incident which would be regarded as an accident by the common man", and further that there can be no causal relationship between the alleged incident and the destruction of the claimant's hip by septic arthritis, an infectious process, since the source and cause of the infection are unknown. If claimant's septic arthritis resulted from a work connected accident, it is clearly compensable (Workmen's Compensation Law, § 2, subd. 7,

see 1A Larson, Workmen's Compensation Law, § 37:30, p. 516) and this is so even if the accident aggravated " a condition of non-industrial origin to the point of disability" (*Matter of Scuderi* v. *Miss Ann Dresses*, 24 A D 2d 905; *Matter of Lindsay* v. *Nowrocki*, 9 A D 2d 977). As to the issue of suddenness of onset, it would seem that the immediate and dramatic collapse of claimant's hip following the incident of July 2, 1962 " was evidence of accident at its clearest" (*Matter of Greensmith* v. *Franklin Nat. Bank*, 21 A D 2d 576, 578, affd. 16 N Y 2d 973; see *Matter of Colangelo* v. *McCarey Co.*, 13 A D 2d 592, mot. for lv. to app. den. 9 N Y 2d 613; *Matter of Ussach* v. *Carolee Shops*, 282 App. Div. 902). Similarly, while the specified germ which caused the destruction of claimant's hip was not identified, there is here direct medical testimony supporting causal relationship between the incident and claimant's subsequent condition (cf. *Matter of Grossman* v. *Posture Line Shops*, 28 A D 2d 1149), and such medical testimony is not so speculative as to require the board to disregard it (*Matter of Ernest* v. *Boggs Lake Estates*, 12 N Y 2d 414; cf. *Matter of Riehl* v. *Town of Amherst*, 308 N. Y. 212). The board's decision is supported by substantial evidence and its resolution of the factual dispute as to causation is thus final (*Matter of Palermo* v. *Gallucci & Sons*, 5 N Y 2d 529). Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum by Reynolds, J.