In the Matter of the Claim of GERTRUDE DREW, Respondent, v. EMIL C. BEYER et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, November 6, 1969.

*Anne G. Kafka* and *Charles J. Jones* for appellants.

*Louis J. Lefkowitz, Attorney-General* (*Daniel Polansky* and *Morris N. Lissauer* of counsel), for Workmen's Compensation Board, respondent.

*Peppard & Walsh* for claimant-respondent.

HERLIHY, P. J. This is an appeal by the employer and his insurance carrier from decisions of the Workmen's Compensation Board, filed March 28, 1968 and September 27, 1968, which awarded compensation benefits to the claimant.

The board has found that the disease of cranio-orbital mucormycosis and resultant disability suffered by the claimant in 1962 constituted an accidental injury. The appellants contend that the record does not contain substantial evidence to support the finding of accidental injury.

The board's impartial specialist and the appellants' doctor both testified that mucormycosis is caused by fungi which is widespread and could exist in numerous locations. Mucormycosis is somewhat similar to tuberculosis because exposure is commonplace, but very few people actually contract the disease. The impartial specialist testified that about one month prior to August of 1962 the claimant was treated with antibiotics and that if she were then suffering from mucormycosis, the antibiotics would have worsened her condition, but instead the antibiotic treatment was successful. The claimant testified that in August of 1962 she undertook to clean her employer's screened summer house, which had not been thoroughly cleaned since the previous year, and she swept off some blinds which were very dusty and smelled "moldy". While cleaning the blinds she inhaled the dust and she immediately began to "get kind of weak and * * * sort of dizzy but * * * kept on sweeping". She remained ill and a few days later was admitted to a hospital with a subsequent diagnosis of mucormycosis.

The contraction of a disease can be an accidental injury (*Matter of McDonough* v. *Whitney Point Cent. School,* 15 A D 2d 191, 192). The impartial specialist's association of the onset of the disease with the sweeping of the blinds, and the claimant's description of the unusual amount of dust and its moldy odor were sufficient to establish that the inception of the disease was assignable "to a determinate or single act, identified in space or time" (*Matter of Lerner* v. *Rump Bros.,* 241 N. Y. 153, 155) and that the exposure to dust was "extraordinary" (*Matter of Lerner* v. *Rump Bros., supra*). (See *Matter of Walters* v. *U. S. Vitamin Corp.,* 11 A D 2d 280, affd. 10 N Y 2d 924; *Matter of Brocklebank* v. *Union Carbide Int. Co.,* 17 A D 2d 1009, affd. 13 N Y 2d 1036; *Matter of Grunow* v. *Furst Survey Research Center,* 31 A D 2d 856; cf. *Matter of Land* v. *Dudley Lbr. Co.,* 32 A D 2d 977, 978; *Matter of Bruzdowski* v. *Coleco Ind.,* 30 A D 2d 886.)

The appellants contend that the record does not contain precise objective proof that the fungi responsible were in fact inhaled in and with the dust created by sweeping the blind, nevertheless, the testimony of the impartial specialist is sufficient to support the findings of the board. (See *Matter of Berman* v. *Werman & Sons*, 14 A D 2d 631.)

The decision should be affirmed, with costs to the Workmen's Compensation Board.

REYNOLDS, GREENBLOTT and COOKE, JJ., concur.

Decision affirmed, with costs to the Workmen's Compensation Board.