■    In the Matter of the Claim of ANGELA D. DiMARCO, Respondent, v. STATE UNIVERSITY OF NEW YORK AT BUFFALO et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from decisions of the Workmen's Compensation Board, filed March 2, 1971 and September 7, 1971. Claimant, a clerk at the New York State University at Buffalo, contracted infectious hepatitis. A majority of the board panel, finding "that the claimant's hepatitis condition was contracted  *  *  *  when she was exposed to the student, Miss Tenney", held that claimant sustained an accidental injury arising out of and in the course of employment. It should first be noted that on the present record there is insufficient evidence to support a finding that either the student, Miss Tenney, had hepatitis or if she did have the disease, claimant was exposed to

her during the period in which claimant contracted hepatitis. However, even if upon remand such evidence could be presented, the award could not be sustained. In order to sustain an award when a disease, not the natural and unavoidable result of employment (cf. *Matter of Esposito* v. *N. Y. S. Willowbrook State School*, 38 A D 2d 985), is developed during the course of employment, it must be established that the inception of the disease is "assignable to a determinate or single act, identified in space or time" and "assignable to something catastrophic or extraordinary" (*Matter of Lerner* v. *Rump Bros.*, 241 N. Y. 153, 155; *Matter of Bruzdowski* v. *Coleco Ind.*, 30 A D 2d 886; *Matter of McDonough* v. *Whitney Point Cent. School*, 15 A D 2d 191, 192–193). The mere exposure of claimant to an infected student was neither "catastrophic" nor "extraordinary". Decision reversed, and claim dismissed, with one bill of costs to appellants against the Workmen's Compensation Board. Staley, Jr., J. P., Greenblott, Sweeney, Kane and Reynolds, JJ., concur.