■ In the Matter of the Claim of ROBERT J. TIVEY, Respondent, v. VAN SON HOLLAND INK CORP. OF AMERICA et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its insurance carrier from decisions of the Workmen's Compensation Board holding that claimant had sustained a compensable back disability and that appellants must pay his medical expenses connected therewith, including those incidental to the performance of a myelogram. On or about July 15, 1970 claimant, then an 18-year-old high school student, asserts that he engaged in certain work activities which purportedly led to his present back disability. Following the alleged incident, claimant lost no time from work and, in fact, gave no notice of the incident to his employer until September 8, 1970. Appellants initially assert that since the claimant did not notify his employer within the 30-day period required by section 18 of the Workmen's Compensation Law, his claim is barred. However, while there is presented no basis here to excuse the failure of timely notice by the claimant on the grounds specified in section 18, the record reveals that the appellants did not raise this issue at the first hearing and thus, pursuant to section 18, are deemed to have waived the notice requirement (*Matter of Iacovelli* v. *Modern Bakery,* 4 A D 2d 723). Appellants also assert that there is no basis for the finding of an industrial accident or that the ordered myelogram was necessary. We cannot agree with those contentions. The medical implications of an accident need not occur suddenly as long as the cause is identifiable (1A Larson, Workmen's Compensation Law, § 39.20, p. 622.59; *Matter of Greensmith* v. *Franklin Nat. Bank,* 21 A D 2d 576, affd. 16 N Y 2d 973). Here the claimant attributed the onset of his difficulty to an identifiable 30-45 minute period of specified work activity and thus the requirements of an industrial accident have been met. As to the necessity of the myelogram, which is to test the presence of a herniated disc, there is substantial evidence present in the record that a herniated disc is the probable diagnosis of the claimant's condition and that it is causally related to his work activities on July 15, 1970. The myelogram was, therefore, properly authorized. Decision affirmed, with costs to respondents filing briefs. Staley, Jr., J. P., Greenblott, Cooke, Kane and Reynolds, JJ., concur.