■ In the Matter of KENNETH MIDDLETON, Respondent, v. COXSACKIE CORRECTIONAL FACILITY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed February 12, 1973, which affirmed a referee's decision finding that claimant sustained an accidental injury within the meaning of the Workmen's Compensation Law. In our opinion the board's decision must be reversed and the claim dismissed on the basis of the rationale set forth in Matter of Di Marco v. State Univ. of N. Y. at Buffalo (39 A D 2d 623). Even assuming arguendo that unlike Di Marco the instant claimant was able to show an exposure to an inmate from which he could have contracted tuberculosis, as we said there (p. 624) : " In order to sustain an award when a disease, not the natural and unavoidable result of employment (cf. Matter of Esposito v. N. Y. S. Willowbrook State School, 38 A D 2d 985) is developed during the course of employment, it must be established that the inception of the disease is 'assignable to a determinate or single act, identified in space or time' and 'assignable to something catastrophic or extraordinary' (Matter of Lerner v. Rump Bros., 241 N. Y. 153, 155; Matter of Bruzdowski v. Coleco Ind., 30 A D 2d 886; Matter of McDonough v. Whitney Point Cent. School, 15 A D 2d 191, 192–193). The mere exposure of claimant to an infected student was neither 'catastrophic' nor 'extraordinary'." So here the mere establishment of exposure to the allegedly tubercular inmate cannot support an award. Decision reversed, and claim dismissed, with one bill of costs to appellants against the Workmen's Compensation Board. Sweeney, Main and Reynolds, JJ., concur; Herlihy, P. J., and Greenblott, J., dissent and vote to affirm in a memorandum by Herlihy, P. J.: Herlihy, P. J. (dissenting). Although the appellants contend in their brief upon this appeal that there has been some failure of proof as to the facts of an exposure by the claimant to a tubercular inmate under his care and custody and the consequent contraction of the disease, the appellants raised no such issues before the board and relied entirely upon the contention that the referee had erred in finding that the claimant had sustained an occupational disease. Inasmuch as the board has found that the claimant did not sustain an occupational disease, the appellants are not aggrieved by the board's decision, but nevertheless, they contend that the record does not sustain a conclusion of an accidental injury. Apparently based upon some form of hearsay, the claimant testified at a referee hearing that a certain inmate named Eric Grant had been infected with tuber-

culosis while the claimant was charged with duties requiring close contact with such inmate. In the course of a hearing conducted on September 21, 1971 the referee asked the representative of the appellants whether or not he had investigated the claim that Eric Grant had been infected with tuberculosis and the reply of the said representative was a concession that Eric Grant had in fact had tuberculosis. Among other things, the claimant testified that while he was working in the vicinity of Grant, said Grant had a persistent cough and the claimant would be within a foot of Grant while he was so coughing. The evidence, as accepted by the board's decision, unequivocally establishes an exposure occurring in the course of the employment. As noted hereinabove, the appellants raised no issue before the board as to the exposure alleged by the claimant and the fact that Eric Grant had tuberculosis. Since the board has found that the intimate contact naturally inherent in the position of a guard being required to conduct close supervision of correctional facility inmates in this particular case constituted an accident and thereby eliminated reliance upon occupational disease, we are not concerned herein with whether or not the record would have sustained a finding of occupational disease. The facts in the present case as to coughing and the transmittal of tuberculosis thereby within the close confines necessitated by the employment are substantially identical to those present in *Matter of Gardner* v. *New York Med. Coll.* (280 App. Div. 844, affd. 305 N. Y. 583). There would appear to be no basis for departing from the rationale of the *Gardner* case in the present situation. *Matter of Di Marco* v. *State Univ. of N. Y. at Buffalo* (39 A D 2d 623) relied upon by the majority is entirely distinguishable. It does not appear that in *Di Marco* the claimant described any particular incident other than mere presence which would have communicated the disease at issue therein. As noted in *Matter of Gardner* v. *New York Med. Coll. (supra)*, the act of sneezing does constitute a definite and assignable event and is sufficient to sustain a finding of an accidental injury. The decision appealed from should be affirmed.