Cooke, J.
We review here an order of the Appellate Division which, by a divided court, reversed a decision of the Workmen’s Compensation Board and dismissed the claim on the ground that an accidental injury had not been sustained.
Kenneth Middleton began to work in 1953 as a correction officer at the Coxsackie Correctional Facility in West Coxsackie. In 1969 he ran the institution’s cannery and, between August and November of that year, came in close contact with Eric Grant, an inmate who coughed persistently and was later found to be tubercular. Although Middleton had a medical examination at his place of employment every year, had an X ray at the county health department every six months or year except for one in 1970 and had no diagnosis of tuberculosis, claimant started coughing terribly in the spring of 1970. He was due to return to work from vacation on December 20, 1970 but, two days before his anticipated return, saw a physician and on that day called in stating that he would not be in on the 20th but would be hospitalized instead. A sputum test performed in December of 1970, with positive result, and chest X rays taken during the hospitalization between the 20th and 30th of that month led to a diagnosis of active, moderately advanced pulmonary tuberculosis.
The majority of the Appellate Division by its supposition, that "[e]ven assuming arguendo * * * the instant claimant was able to show an exposure to an inmate from which he could have contracted tuberculosis,” implies there might be a question here as to the existence of such a situation. The minority opinion there reveals that the employer and carrier contended in said court that there had been a failure of proof as to exposure. Since the employer and carrier, in their application to the board for review of the referee’s decision, *133 did not question the fact that claimant was exposed to an inmate infected with tuberculosis, that subject was not a proper one for review by the Appellate Division (Workmen’s Compensation Law, § 23; Matter of Bernstein v Riverdale Valet, 37 AD2d 647; Matter of Hedlund v United Exposition Decorating Co., 15 AD2d 973, mot for lv to app den 11 NY2d 646; 66 NY Jur, Workmen’s Compensation, § 675).
More significantly, the record contains Dr. Poggi’s medical report stating: "It is my opinion that the extremely close proximity of the inmate with active tuberculosis to Mr. Middleton, the warm, moist environment apparently present in the cannery could very reasonably establish as causal the tuberculosis discovered in Mr. Middleton” (see Sentilles v Inter-Caribbean Corp., 361 US 107, 109-110; Matter of Ernest v Boggs Lake Estates, 12 NY2d 414, 416; Turner v City of Newburgh, 109 NY 301, 308). The employer and carrier did not submit medical evidence negating causal relationship and, in the absence of substantial evidence to the contrary, the report of Dr. Poggi constitutes prima facie evidence of fact as to the matter contained therein (Workmen’s Compensation Law, § 21, subd 5; Matter of Tassillo v Gilbert Carrier Corp., 30 AD2d 8; see Matter of Bochkarev v Henry’s Landscaping Serv., 10 AD2d 398).
The employer in its report of injury, received by the board on June 4, 1971, responded to the question of "How was accident or occupational disease sustained” with the statement: "While performing duties at the Coxsackie Corr. Facility—direct contact with carrier of Tuberculosis-inmate Eric Grant CCF-16406.” This report contained an admission that Grant was a carrier of the disease and was competent evidence of that fact (Matter of Kleid v Carr Bros., 300 NY 270, 272; Matter of Bollard v Engel, 278 NY 463, 466; Matter of Guggenheim v Hedke & Co., 32 AD2d 1017, 1018, affd 27 NY2d 596).
Thus, there was substantial evidence to support the board’s finding in respect to claimant’s exposure to a tubercular inmate and, in any event, there has been a waiver as to that issue.
The thrust of the argument advanced by the employer and carrier, as well as the underlying position taken by the Appellate Division majority, is that claimant did not sustain an accidental injury, as found by the board, within the meaning of the Workmen’s Compensation Law. Reliance is placed *134 on Matter of DiMarco v State Univ. of N. Y. at Buffalo (39 AD2d 623) wherein it was stated: "In order to sustain an award when a disease, not the natural and unavoidable result of employment * * * is developed during the course of employment, it must be established that the inception of the disease is 'assignable to a determinate or single act, identified in space or time’ and 'assignable to something catastrophic or extraordinary’ * * *. The mere exposure of claimant to an infected student was neither 'catastrophic’ nor 'extraordinary’ These statements in DiMarco were dicta, since prior to their expression, the court had first noted that "there is insufficient evidence to support a finding that either the student, Miss Tenney, had hepatitis or if she did have the disease, claimant was exposed to her during the period in which claimant contracted hepatitis”. Obviously, the DiMarco situation was in sharp contrast to that unveiled here, where there is substantial evidence, uncontradicted in the record, that the inmate was infected with tuberculosis, that claimant was exposed to him and his persistent coughing over a period of months, following which claimant was found to have contracted tuberculosis, and that there was causal relationship between the exposure and the disease.
Nothing in article 3 of the Workmen’s Compensation Law, dealing with occupational diseases, affects the rights of an employee to recover compensation in respect to a disease to which said article does not apply if the disease is an accidental personal injury within the meaning of subdivision 7 of section 2 of said law (Workmen’s Compensation Law, §48). This subdivision provides that "injury” and "personal injury” mean only "accidental injuries arising out of and in the course of employment and such disease or infection as may naturally and unavoidably result therefrom” (emphasis supplied). Whether a particular event is an industrial accident is to be determined, not by any legal definition, but by the commonsense viewpoint of the average man (Matter of Klimas v Trans Caribbean Airways, 10 NY2d 209, 216; Matter of Schechter v State Ins. Fund, 6 NY2d 506, 510; Matter of Masse v Robinson Co., 301 NY 34, 37). In Masse, a heart case, the Appellate Division dismissed claims, stating that the findings of accidental injuries were not assignable to any accidental experience "identified in space or time” or to any particular event which was "catastrophic or extraordinary”, citing Matter of Connelly v Hunt Furniture Co. (240 NY 83, 85, 86) and Matter of *135 Lerner v Rump Bros. (241 NY 153, 155). The Court of Appeals (p 37), in reversing and reinstating the awards, stated that a "lengthening line of recent cases in this court commits us to a different conclusion.” The test, as enunciated therein by the Court of Appeals, to be applied in determining whether an event is accidental widens very considerably the ambit of the triers of the facts, affording greater latitude for consideration of an unforeseen and catastrophic result, rather than narrow emphasis on cause (Matter of Gioia v Courtmel Co., 283 App Div 40, 43, mot for lv to app den 306 NY 985; 65 NY Jur, Workmen’s Compensation, §§ 262, 272). Aside from the common-sense viewpoint of the average man criterion, recognition has also been given to the principle that the concept of time-definiteness required of an accident can be thought of as applying to either the cause or the result, so that there can be a compensable accident where there is an exposure to a condition over a protracted period during which the victim succumbs to a disease culminating in a relatively sudden collapse (Matter of Pessel v Macy & Co., 40 AD2d 746, affd 33 NY2d 721; Matter of Tivey v Van Son Holland Ink Corp. of Amer., 40 AD2d 746; Matter of Suber v Hope’s Windows, 38 AD2d 656; Matter of Rogers v General Aniline & Film Corp., 33 AD2d 1074; Matter of Jones v Curran & Co., 33 AD2d 525; Matter of Ellis v Armour & Co., 31 AD2d 690; Matter of Greensmith v Franklin Nat. Bank, 21 AD2d 576, 578, affd 16 NY2d 973; Matter of Reichard v Franklin Mfg. Co., 223 App Div 797, affd 249 NY 525; 1A Larson, Workmen’s Compensation Law, § 39.10, p 7-203); and it is not decisive that a claimant is unable to pinpoint the exact date on which the incident occurred (Matter of Levine v Imperial Textile Co., 40 AD2d 886; Matter of Stein v Schneider, 34 AD2d 1062).
The board found that this claimant sustained the accidental injury of "repeated trauma” due to persistent coughing by a tubercular inmate in claimant’s presence from August to November, 1969 and thereafter began to cough and on December 18, 1970 became disabled from tuberculosis. Numerous awards based on diseases found to be the result of industrial accidents, including those caused by germs, have been sustained (e.g., Matter of Lepow v Lepow Knitting Mills, 288 NY 377 [malignant tertian malaria caused by sting of certain specie of mosquito]; Matter of Drew v Beyer, 33 AD2d 24 [cranio-orbital mucormycosis after inhalation of dust with musty odor]; Matter of McDonough v Whitney Point Cent. *136 School, 15 AD2d 191 [mumps by teacher after exposure to pupils during epidemic]; Matter of Gardner v New York Med. Coll., 280 App Div 844, affd 305 NY 583 [poliomyletis after sneeze in face by fellow nurse suffering from said disease]; Matter of Gaites v Society for Prevention of Cruelty to Children, 251 App Div 761, affd 277 NY 534 [scarlet fever by matron in direct contact with children suffering therefrom]). In Gardner (supra) the Appellate Division observed: "Appellants argue that sneezing into claimant’s face could not be found to be an 'accident’ because people normally sneeze. It seems to us, however, that as to persons nearby who receive the effect of such a sneeze it fits within the classic definition of an 'accident’ which causes a disease stated by Pound, J., in Matter of Lerner v Rump Bros. (241 NY 153, 155). Inception of the disease can be a determinable event assignable to something extraordinary. The adjective 'catastrophic’ used in an alternative sense in that definition does not imply that an accident which brings on a disease need also be a disaster.”
The persistent coughs by the inmate with active tuberculosis over a period of three or four months, for two or three hours a day, while within a foot from claimant, at times next to a steam table in a cannery, followed by claimant’s tubercular breakdown, are in line with "the repeated insults of the cold air and the postural strains over a period exceeding three months, culminating in a sudden collapse”, with a diagnosis of myositis, held to be an accidental injury (Matter of Green-smith v Franklin Nat. Bank, 21 AD2d 576, 579, affd 16 NY2d 973, supra), with the work activities in operating a metal cutting machine by a foot pedal and the sudden experiencing of severe pain and the diagnosis of a herniated disc, found to establish an accidental injury (Matter of Suber v Hope's Windows, 38 AD2d 656, supra), and with the employment in an area where the air conditioning ducts expelled cold air that created draughts that struck claimant’s neck, activating an underlying arthritic condition found to constitute an accidental injury (Matter of Pessel v Macy & Co., 40 AD2d 746, affd 33 NY2d 721, supra). The underlying facts here also are comparable to certain situations cited in Greensmith (p 579), such as where an award was upheld in the case of "repeated traumas and burns sustained by a presser using a steam iron, resulting, some time after their apparent healing, in a ruptured artery” (Matter of Neilson v Stern & Co., 282 App. Div 793, mot for lv to app den 306 NY 980), the finding of an industrial accident where there was a "molder’s day-to-day *137 twisting and turning of his body as he dipped and poured molten metal, until the specific occasion when he felt a sensation like a shock in his neck and was found” to have myositis (Matter of Pioli v Crouse-Hinds Co., 281 App Div 737), and "the automobile repairman’s exposure to carbon monoxide gas over a period of two years, until on a particular day he had a dizzy spell and fainted and two years later died of endocarditis, found the result of accidental injury caused by his inhalation of the gas” (Matter of Reichard v Franklin Mfg. Co., 223 App Div 797, affd 249 NY 525, supra).
The employer and carrier urge that there is not present "the necessary element of precise act, identified in time and space”. Here, there were persistent impacts of coughing by the tuberculous inmate working with claimant "head to head” and "within a foot of him” over a period of three or four months with claimant’s gradual succumbing to a disease and culminating at the point when he did not return to work and when his pulmonary breakdown became so severe as to be detected and diagnosed as tuberculosis upon admission to a hospital. Not only was there substantial evidence from which the board could determine that this was an accident gauged by the common-sense viewpoint of the average man, but the time-definiteness required of an accident was satisfied by application to the result and, as in Gardner (supra), the inception of the tuberculosis was a determinable event assignable, as found by the board, to the repeated traumata due to the persistent coughing, and which were extraordinary in nature.
The order should be reversed and the decision reinstated, with costs to the Workmen’s Compensation Board.
Chief Judge Breitel and Judges Gabrielli, Jones, Wachtler and Fuchsberg concur with Judge Cooke; Judge Jasen dissents and votes to affirm on the majority memorandum at the Appellate Division (45 AD2d 903).
Order reversed, etc.