■ In the Matter of the Claim of Virginia Albrecht, Appellant, v Orange County Community College, Respondent. Workmen's Compensation Board, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed November 8, 1974, which disallowed the claim. Walter Albrecht, a professor at Orange County Community College, was granted a sabbatical to study in Africa. He was examined by his family physician in February of 1969 and found healthy. Although the exact date is not clear, he apparently left the United States in the middle of February and arrived in Ghana about the beginning of March. On March 12, 1969 he was admitted to a hospital in Acra, Ghana, where he died four days later of acute poliomyelitis. His widow asserts this claim for compensation benefits. After a tortuous series of hearings and decisions by various referees and board panels (including a remand by a board panel to the referee calendar for development of the record on the issue of whether there had been an "accident arising out of and in the course of employment"), the board rendered the decision appealed from, which states in pertinent part that "the decedent did not contract the fatal disease in the course of employment as alleged. * * * [there is] no medical evidence to support a finding of accidental injury arising out of and in the course of employment." The claimant contends that the decision is insufficient to permit judicial review (see Workmen's Compensation Law, § 23; *Matter of Hilfiker v Hannifin Corp.*, 37 AD2d 650) and, in any event, is substantively erroneous in that a compensable, accidental death was established as a matter of law. The board's decision is ambiguous in that it is not possible to tell whether the board found that the sabbatical journey was not in the course of employment or that the contraction of polio was not an accidental injury. However, it is not necessary to remit the matter for clarification since under no possible interpretation of the record could the board find that Professor Albrecht's death was the result of an accident. The requirement that an injury be the result of an accident in order to be compensable comes from subdivision 7 of section 2 of the Workmen's Compensation Law, which defines "Injury" as only "accidental injuries arising out of and in the course of employment and such disease or infection as may naturally and unavoidably result therefrom." As to infectious diseases contracted in the course of employment, the accident requirement has been interpreted to mean that "the inception of the disease must be assignable to a determinate or single act, identified in space or time [citation omitted]." *(Matter of Lerner v Rump Bros.*, 241 NY 153, 155.) There is no indication in the record of decedent's activities from the time he left the United States sometime in February and his admission to the hospital on March 12. Since he was healthy when he left and since, according to the expert medical testimony, the incubation period of polio is from 7 to 14 days, it would be reasonable to conclude the polio-causing agent infected the decedent while in Ghana. However, there is

no indication of a particular incident to mark the invasion by the polio virus. Compensation has been allowed for infectious disease in many cases, but only where there was some discrete event or series of events which could reasonably be deemed to mark the onset of the infection (see *Matter of Middleton v Coxsackie Correctional Facility,* 38 NY2d 130 and cases cited at pp 135–136). In *Middleton* the court, although uttering certain dicta which could be interpreted to question the time-definiteness aspect of the accident requirement,* apparently reaffirmed that aspect. Claimant, a correction officer who came into numerous and protracted contacts with a habitually coughing inmate later found to be tubercular, contracted tuberculosis himself. The court, in reversing this court's dismissal of the claim, held that the tuberculosis was an accidental injury since the *result* was definite in time (i.e., the manifestation of the infection in symptoms was definite in time) and "the inception of the tuberculosis was a determinable event assignable * * * to the repeated traumata due to the persistent coughing". *(Matter of Middleton v Coxsackie Correctional Facility, supra,* p 137.) Although claimant's symptoms of polio must have been similarly abrupt in manifestation, in this case there is no "determinable event" analogous to the coughing incident in *Middleton* to mark the *inception* of the polio. The famous case of *Matter of Lepow v Lepow Knitting Mills* (288 NY 377) does not compel a different conclusion. A salesman was sent by his employer to South Africa. After a month there he contracted malaria and died. His widow's compensation claim was upheld against the contention that the disease could have been contracted during off-work hours (and thus would not have arisen in the course of employment). The Court of Appeals also noted, on the question of accidental injury, that: "Concededly the cause of his death was * * * malaria, a disease * * * which is caused by the sting of a mosquito of a specie found in [South Africa]. The employer concedes that the mosquito sting which proved fatal to the decedent was an accidental injury." *(Supra,* p 379.) Apparently, the court thought that contraction of the disease by bite was accidental, although there was no proof as to even the approximate time or place of the bite. It is difficult to see how infection with malaria by a mosquito bite at an unknown time and place is more an accident than infection with polio by an invasion of the polio virus through the breath or skin. However, there is a distinction. In *Matter of Connelly v Hunt Furniture Co.* (240 NY 83), an embalmer's helper received a fatal infection when infected matter from a body he had handled entered a cut in his hand. In finding his death a compensable accident the court stated that: "Germs may indeed be inhaled through the nose or mouth, or absorbed into

---

* In *Matter of Middleton v Coxsackie Correctional Facility (supra),* the court noted that its decision in *Matter of Masse v Robinson Co.* (301 NY 34 [heart attack after a week of arduous work compensable]) somewhat supports a relaxing of the time or space-definiteness requirement. "The concept of time-definiteness required of an accident can be thought of as applying to either the cause or the result, so that there can be a compensable accident where there is an exposure to a condition over a protracted period during which the victim succumbs to a disease culminating in a relatively sudden collapse [citations omitted]; and it is not decisive that a claimant is unable to pinpoint the exact date on which the incident occurred [citations omitted]" *(Matter of Middleton v Coxsackie Correctional Facility, supra,* p 135). Despite these comments, the court, in finding the correction officer's tuberculosis compensable, took pains to point out that there was a series of identifiable events in time and space (the inmate's coughing) satisfying the traditional accident requirement of *Matter of Lerner v Rump Bros. (supra).*

the system through normal channels of entry. In such cases their inroads will seldom, if ever, be assignable to a determinate or single act, identified in space or time [citation omitted]. For this as well as for the reason that the absorption is incidental to a bodily process both natural and normal, their action presents itself to the mind as a disease and not an accident." (pp 85-86.) From all that appears in this record, decedent contracted polio through "normal channels of entry", at a time and place which cannot be specified, and, therefore, not as the result of an "accident" within the meaning of the Workmen's Compensation Law. Decision affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney and Staley, Jr., concur; Mikoll, J., dissents and votes to reverse in the following memorandum. Mikoll, J. (dissenting). I respectfully dissent. The board's decision is insufficient to permit intelligent judicial review (see Workmen's Compensation Law, § 23). We are left to speculate on the basis of the board's decision. It is not clear if the board found claimant was not in the course of his employment or if they found that his death was not caused by accident. The majority concludes that a clarification is unnecessary in that the board could not find, under any circumstances, that claimant's death was the result of an accident. The Court of Appeals in *Matter of Lepow v Lepow Knitting Mills* (288 NY 377) spoke to the issue of when a disease may be an accidental injury compensable under the law. If claimant was in the course of his employment when he incurred his fatal disease, he would under the logic of this case be entitled to compensation. This matter should be remitted to the board for a clarification of its findings of fact and conclusions of law.

