■ In the Matter of the Claim of HELEN E. JOHNSON, Respondent, v CITY SCHOOL DISTRICT OF ALBANY et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed June 29, 1983, which found that claimant has a continuing causally related moderate disability. ¶ The primary issue to be resolved on this appeal is whether there is, from the entire record, substantial evidence to support the Board's determination that claimant's continuing moderate disability is causally related to a compensable accident which occurred on January 20, 1976. Her injury on that date was diagnosed as a thoraco-lumbar sprain with an additional diagnosis of obesity. Her compensation case was closed on September 1, 1976 with a finding of no compensable lost time to that date, as she was paid in full during the short period she was unable to work. ¶ In the intervening years, she sustained several additional injuries, some of which exacerbated her back condition, although the actual injuries related to other areas of her body. Her original compensation case was reopened, closed and again reopened as a result of these intervening incidents. Ultimately, extensive medical testimony was taken from various attending and examining physicians seeking to resolve the question of the relationship between her persistent back condition and her original injury, taking into consideration the numerous intervening incidents and her extraordinary obesity. The record of these hearings produced conflicting medical opinions, as well as variations in medical history. However, all experts agreed that her severe obesity contributed, in varying degrees, to her original injury, the intervening incidents which required hospitalization and treatment, and her continuing disability. ¶ The Board, in its decision, placed particular emphasis upon the testimony of claimant's attending orthopedist, who, although he first treated claimant on April 7, 1979, was of the opinion that her present condition was related to the original incident of 1976, with her weight being a contributing factor. While some of the history obtained by this physician was inconsistent with actual fact, his carefully measured conclusions are supported by other evidence, such as hospital records and testimony of prior treating physicians. It is our view that upon examining the record in its entirety, there is substantial evidence to support the conclusion of the Board (*Matter of Stork Rest. v Boland,* 282 NY 256; *Matter of Ellis v Armour & Co.,* 31 AD2d 690). Therefore, we affirm. ¶ Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.