■ In the Matter of the Claim of MURIEL DANDO, Appellant, v BINGHAMTON BOARD OF EDUCATION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. — Levine, J. Appeal from a decision of the Workers' Compensation Board, filed May 18, 1983 which ruled that claimant did not sustain a causally related disability and denied her claim for benefits.

Claimant had been employed as a mathematics teacher at Binghamton Central High School for over 30 years. Although she had suffered from several allergies for at least 20 of those years, they did not cause her to lose any significant amount of time from work until September of 1980, when the construction of an addition to the school was begun. Thereafter, according to claimant and her physician, claimant's allergy to hydrocarbon chemicals caused her to react adversely to the construction fumes and dust, giving rise to several debilitating symptoms, including headaches, stomach aches, dizziness, difficulty breathing and depression. Claimant attempted to control these symptoms with various medications. However, in September of 1981, she was assigned to teach classes in the new wing of the building while part of it was still under construction. After only four days of working there, she became so ill that she was unable to return to work until February 1, 1982. Due to the return of the above-

described symptoms, claimant again left her employment on March 1, 1982. She then filed the instant claim for workers' compensation benefits.

At the hearing before the administrative law judge, conflicting medical testimony was presented. Dr. James Miller testified on behalf of claimant that her disability was caused by exposure to the hydrocarbons in the environment of the new addition of the school building while it was under construction. However, Dr. Mayer Schwartz testified for the insurance carrier that the relationship between claimant's illness and her work environment was, in his opinion, extremely tenuous and difficult, if not impossible, to prove. Based on Schwartz's testimony, the Workers' Compensation Board ultimately concluded that claimant had not incurred an occupational disease within the meaning of Workers' Compensation Law § 3 (2). We affirm.

To be compensable, an occupational disease must result from the nature of the employment and must be a distinctive feature of the type of work performed (*Matter of Paider v Park E. Movers,* 19 NY2d 373, 380). It is not enough that the ailment is caused by the specific place in which the claimant happens to work (*supra; Matter of Goldberg v 954 Marcy Corp.,* 276 NY 313, 318-319). Here, claimant's ailment, to the extent it can be said to have arisen out of and in the course of her employment, was not one of the generally recognized risks of the teaching profession, but was, instead, a hazard of being in one particular building. Claimant's condition was, accordingly, not an occupational disease within the statutory definition.

Even if this were not so, as noted above, the record contains conflicting expert medical testimony regarding the cause of claimant's illness. Resolution of such conflicts is within the sole province of the Board if its determination is based on substantial evidence (*Matter of Yannon v New York Tel. Co.,* 86 AD2d 241, 243, *lv denied* 57 NY2d 726). On this record, there is substantial evidence to justify the Board's decision.

Decision affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.