■ In the Matter of the Claim of DENNIS VERNOIA, Respondent, v NATIONAL COUNCIL ON COMPENSATION INSURANCE et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. —Kane, J. Appeal from a decision of the Workers' Compensation Board, filed September 25, 1987.

Claimant, an attorney, was employed by the National Council on Compensation Insurance in its offices at One Penn Plaza, New York City, from July 13, 1981 to December 5, 1983. At the time he began his employment, remodeling of the area in which he was working was undertaken and large quantities of dust were released in the atmosphere causing him to suffer "plugged ears and a stuffed head on a regular basis". The discomfort would, at first, clear upon leaving the building, but gradually other symptoms developed and his over-all condition worsened to the extent that medical attention was required. In August 1983, claimant was absent from work following an interruption in the operation of the air-conditioning system, because his symptoms became so severe and incapacitating that he was required to seek further medical attention. He incurred further difficulty in November 1983, missed approximately three weeks of work, and finally resigned his position effective December 5, 1983.

His doctor diagnosed his condition as allergic rhinitis, which

was exacerbated by the environment in which he was working. In awarding benefits, the Workers' Compensation Board found that the malfunction of the air-conditioning system and the accumulation of dust resulting therefrom constituted an accident occurring in August 1983. Thus, the issue to be resolved on this appeal is whether there is substantial evidence to support the Board's determination that claimant's condition was the result of an accident.

Preliminarily, we note that originally claimant contended that he suffered from an occupational disease and the case was tried and later argued before the Board on that basis. Under the facts presented and based upon prior decisions of this court, a disability resulting from an allergy could not support a finding of occupational disease (*Matter of Mack v County of Rockland,* 128 AD2d 922, *affd* 71 NY2d 1008; *Matter of Dando v Binghamton Bd. of Educ.,* 111 AD2d 1060). Accordingly, the Board, in awarding benefits, made the finding of an industrial accident. Therefore, we are confronted with the problem of whether a dormant allergy, exacerbated by a condition in the workplace causing a definitive allergic reaction diagnosed as the disease allergic rhinitis, complies with the necessary legal requirements to constitute an accident.

The record demonstrates that claimant suffered from an allergic condition. However, the report of Dr. William Hermance, an allergist, states that the allergic rhinitis was not related to or caused by claimant's work environment, but then the report follows with the categorical statement that the allergic rhinitis was triggered by the reconstruction work at the site of employment, causing gradual inflammatory changes in claimant's upper respiratory area.

We find this factual setting somewhat similar to that in *Matter of Lynch v Rockland County Dept. of Social Servs.* (124 AD2d 430), where we sustained a finding of accidental injury resulting in a "flare-up" of an underlying arthritic condition emanating from drafts of cold air in the work area caused by a nearby broken window at a time when the building was unheated. However, in *Lynch* there was an identifiable preexisting disease followed by an "attack" of arthritis resulting in periods of disability. We found these facts sufficient to satisfy the time-definiteness requirements of an industrial accident (*supra,* at 431).

Here, claimant did not suffer from a preexisting disease, but an allergy, which, as the Board stated, over a period of time culminated in a disease "triggered by environmental agents in

his work area" through the inhalation of particles of dust which resulted in "inflammatory changes in his upper respiratory system". Thus, there is presented a classic example of that murky area where we must distinguish between accident and disease. When this occurs, "[t]he tests to be applied are those of common understanding as revealed in common speech" *(Matter of Connelly v Hunt Furniture Co., 240 NY 83, 85)*. From the medical evidence in this record, it must be concluded that in claimant's case, the irritating agents "absorbed into the system through normal channels of entry", and "the absorption [being] incidental to a bodily process both natural and normal, their action presents itself to the mind as a disease and not an accident" *(supra, at 85-86; see, Matter of Albrecht v Orange County Community Coll., 61 AD2d 1068, affd 46 NY2d 959)*. Accordingly, the Board's decision must be reversed and the claim dismissed.

Decision reversed, with costs against the Workers' Compensation Board, and claim dismissed. Mahoney, P. J., Kane, Weiss, Levine and Harvey, JJ., concur.