■ In the Matter of the Claim of BEVERLY LEVENTER, Appellant, v YESHIVA OF FLATBUSH et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [684 NYS2d 658] —Graffeo, J. Appeal from a decision of the Workers' Compensation Board, filed November 10, 1997, which ruled that claimant had not developed an occupational disease and denied his claim for workers' compensation benefits.

Claimant, a reading teacher at Yeshiva of Flatbush (hereinafter the employer), filed for workers' compensation benefits in 1995. Claimant was diagnosed with spasmodic dysphonia, an injury to her vocal cords, and alleged that the injury was an occupational disease that resulted from continuous poor ventilation in the room in which she taught. After a hearing, the Workers' Compensation Law Judge (hereinafter WCLJ) concluded that, *inter alia*, claimant had not suffered an occupational disease and denied her claim. The Workers' Compensation Board affirmed that decision and this appeal ensued.

Substantial evidence supports the Board's conclusion that claimant failed to assert a claim for a compensable occupational disease. Claimant alleged that her injuries occurred as a result of the poor conditions in the small room in which she taught reading for approximately four years. Claimant described the room as being below the main floor, with no ventilation; it was very hot and had a "noxious odor coming from the bathrooms that were in the hall". Claimant alleged that the conditions in the room caused her difficulty in breathing and resulted in the injury to her vocal cords.

To establish an occupational disease, claimant was required to demonstrate a " 'recognizable link' between the disease from which she allegedly suffers and some distinctive feature of her employment" (*Bryant v City of New York*, 252 AD2d 777). "An 'occupational disease' derives from the very *nature* of the employment, not a specific condition peculiar to the employee's place of work" (*Matter of Mack v County of Rockland*, 71 NY2d 1008, 1009; *see, Matter of Dando v Binghamton Bd. of Educ.*, 111 AD2d 1060). Claimant's condition did not arise from the general nature of her employment as a teacher but was specific to the particular room in which she taught. Accordingly, she failed to establish a compensable occupational disease.

We determine, however, that the Board should have addressed claimant's contention that she had suffered an accidental injury. Claimant had originally claimed that her injury was the result of an occupational disease and at the hearing, her attorney described the claim as such. After the hearing, claimant attempted to allege, instead, that she had suffered an accidental injury. The WCLJ concluded that claimant had attempted to change the theory of her claim and that such a change in theory was prejudicial to the employer. The WCLJ, therefore, did not address the issue.

While claimant originally pursued her claim under a theory of occupational disease, the employer was aware that the claim

was predicated on claimant's allegation that her injuries were the result of her continuous exposure to the noxious fumes from the nearby bathrooms and the poor ventilation in the room in which claimant taught. Finding no prejudice to the employer, we conclude that the Board could have awarded benefits after making a finding of an accidental injury (*see, Matter of Vernoia v National Council on Compensation Ins.*, 147 AD2d 863, *lv denied* 74 NY2d 608). Accordingly, the Board's decision denying claimant benefits must be reversed and remitted for the Board to address the issue of whether claimant has established a compensable accidental injury.

Mikoll, J. P., Crew III, Peters and Spain, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.